Hiscock, J.
 

 This action was brought jointly against the appellant and one Grounsell to recover damages for personal injuries resulting from a collision with an automobile due, as alleged, to negligent operation of the latter.
 

 The appellant was the owner of the car and Grounsell, who was driving the same at the time of the accident, was its employee.. If there was any negligence in the operation of the car it was that of Grounsell, and the only possible theory of liability on the part of the appellant was that it was responsible for his negligence because he was its employee and engaged in its business. If Grounsell was not negligent and liable in this action there was no conceivable basis for a recovery against the appellant, although, if certain issues were decided in its favor, it was possible to exonerate the appellant while holding Grounsell. All this in substance was duly said by the court in its charge to the jury.
 

 Notwithstanding these instructions, as the result of confusion or misplaced sympathy and logic, the jury rendered a single verdict of no cause of action in favor of Grounsell and of five thousand dollars against the appellant.
 

 This verdict of course was inconsistent and absurd and contrary to the instructions which had been given by the court, and the appellant was entitled to have it set aside if so desired on a motion under section 999 of the Code of Civil Procedure as contrary to the law and to have a new trial.
 
 (Hyatt
 
 v.
 
 N. Y. C. & H. R. R. R. Co.,
 
 6 Hun, 306;
 
 Gray
 
 v.
 
 Brooklyn Heights R. R. Co.,
 
 72 App. Div. 454;
 
 Richardson
 
 v.
 
 Van Voorhis,
 
 20 N. Y. S. R. 667;
 
 Franscone
 
 v.
 
 Louderback,
 
 153 App. Div. 199, 203;
 
 Tate
 
 v.
 
 McCormick,
 
 23 Hun, 218.)
 

 A motion was made thus to set it aside, but having been denied no appeal was taken from the order denying
 
 *228
 
 the same, and the exception taken to such decision is futile as a basis for raising any of the questions now presented to us.
 

 Subsequently a judgment was duly entered on the verdict dismissing the complaint against Grounsell and against the appellant for the damages specified and costs, and on appeal hy this appellant such judgment against it was affirmed hy the Appellate Division, and the appeal from such judgment of affirmance is the one now pre* sented to us.
 

 After the judgment had been affirmed by the Appellate Division, the appellant made a motion at Special Term for an order correcting the judgment entered
 
 “
 
 by striking therefrom the adjudication and the whole thereof to the effect that the plaintiff recover of this defendant the sum of five thousand dollars found by the jury * * * and inserting in lieu thereof an adjudication to the effect that the complaint of the plaintiff be dismissed.” This order was denied and the order of the Appellate Division affirming it is also now presented to us for consideration by an appeal.
 

 This motion seems to have been made under some theory that that portion of the verdict finding in favor of the individual defendant completed all of the permissible duties of the jury and that, therefore, the other portion of the verdict against the appellant was mere surplusage and could be struck out on a motion for a correction of the judgment. It does not seem to need long discussion to point out the ineffectiveness of this motion. It may he assumed that certain clerical and superficial errors in a judgment may be corrected on motion. But that is not at all this case. The judgment purported to be based upon and was in literal conformity with the verdict. There was no clerical discrepancy between judgment and verdict which might be corrected on motion. The difficulty, if any, with the judgment was that the verdict as a whole did not have the meaning which was given to it in entering the judgment, and did not as matter of law
 
 *229
 
 support the latter. As will more fully appear hereafter, this defect, if any, was of a substantial character and not of a kind to be corrected on such a motion.
 

 It is true that in its notice . of motion last mentioned appellant did ask in the alternative that if its application for correction of the judgment should not be granted a new trial should be ordered on the ground that the verdict of the jury against it was contrary to instructions and inconsistent, but no attention seems to have been paid to this portion of the motion. The order entered is specifically and exclusively confined to a denial of the motion made to correct the judgment and does not in any way pass upon or determine the alternative request for relief if it was ever considered. Probably no reliance was placed upon or attempted to be given to this branch of the motion and for obvious reasons. As already stated, a motion for this manner of relief was made when the verdict was rendered and from the order denying that application no appeal had ever been taken, and, therefore, under general principles applicable even to orders as adjudications in bar the court would not consider or grant any application for relief which had once been denied, certainly unless exceptional reasons for so doing were presented.
 

 The result of all of this is that the appellant must rely for relief on its appeal from the judgment, and we are required to consider what the effect of the verdict which was rendered was so far as concerns appellant, and if it should be held that the verdict as an entirety amounted to one of no cause of action, then to decide whether a basis for relief is presented on an appeal simply from the judgment.
 

 We think the verdict as a whole was equivalent to one finding no cause of action against the appellant. As has already been pointed out, the only claim of liability against it was based on the alleged negligence of its employee. The primary and absolutely essential facts to
 
 *230
 
 be found by the jury before any liability could be visited upon the appellant were that the driver of the machine was negligent and that the plaintiff was free from negligence. The two defendants did not stand on the same plane of liability as might sometimes happen where an action had been brought against two alleged tort feasors and where a verdict might with entire propriety be rendered relieving either one and holding the other. The appellant’s liability was purely of a derivative or secondary character on the theory of
 
 respondeat superior,
 
 and when the jury found that the employee was free from tortious conduct or that the plaintiff was guilty of contributory negligence, the facts were settled which necessarily led to a verdict of immunity so far as appellant was concerned, and the verdict should have been in its favor. There was then left no support for or consistency in a verdict against the employer.
 

 When the jury took its improper and unwarranted course, nevertheless, of rendering a verdict against it a situation was presented somewhat analogous to the one which arises where inconsistent findings have been made or where a jury has found a general verdict which is inconsistent with special findings, and in determining whether the judgment is supported and authorized we think that the appellant is entitled to have applied the principles which give to an appellant the benefit of .the most advantageous of the inconsistent findings
 
 (Whalen
 
 v.
 
 Stuart,
 
 194 N. Y. 495), or which make the special findings superior in effect to the general verdict (Code, § 1188), and thus to have the award of damages against it controlled by and yield to the verdict and findings that the facts did not exist which justified such an award of damages.
 

 I think this view is sustained by whatever authorities have been found pertaining to the subject.
 
 (Doremus
 
 v.
 
 Root,
 
 23 Wash. 710;
 
 Morris
 
 v.
 
 Northwestern Improvement Co.,
 
 53 Wash. 451;
 
 Hayes
 
 v.
 
 Chicago Tel. Co.,
 
 218 Ill. 414.)
 

 
 *231
 
 Reaching the conclusion that the verdict as an entirety-should be treated as one in favor of appellant, it utterly failed to support the judgment which was entered against it, and the next question is whether the proposition that there is no foundation for the judgment, and that the latter, therefore, is erroneous, can be argued on an appeal from the latter alone in the absence of any exception presenting the question of which argument is sought. We think it may. Of course it is a familiar rule that on appeal from a judgment in a civil action this court can only consider questions of law, and that those questions must be presented by exceptions. This rule, however, must be interpreted in the light of reason and subject to certain inherent limitations. Ordinarily the question which is presented arises on the trial where full opportunity is presented to take an exception and where, generally, justice and fairness require that one should be taken at the time if the party is dissatisfied with the conduct of the trial, and it is concerning such a situation as this that the rule is constantly reiterated and enforced that an exception must be taken for the purposes of appeal to this court.
 
 (Hecla Powder Co.
 
 v.
 
 Sigua Iron Co.,
 
 157 N. Y. 437.)
 

 But a case may arise where there is no opportunity to take an exception, and such is the present one. As has already been stated, the charge of the trial judge was correct and did not authorize the jury to do any such thing as was by them done, and, therefore, no occasion or opportunity was presented for taking an exception which would cover their subsequent action. There was no such thing as taking an exception to the verdict, and while the appellant doubtless had the right to move to set it aside for the reasons herein considered and appeal from an order denying such motion, he naturally would not care to follow up this form of relief if he considered that the verdict had the effect of exonerating his client and, therefore, might furnish the basis for a judgment in its
 
 *232
 
 favor. Neither of course could an exception be taken to the judgment which was entered on the verdict, and, therefore, there was no such opportunity to take an exception as would furnish any sound reason for the application of the rule which has been adverted to. Under such conditions we think the rule has no pertinency.
 

 The situation is that the appellant is injured by a judgment which has no foundation, and we think that both on principle and authority an appeal from the judgment is a proper and a sufficient method of presenting this objection which is fully disclosed by the record. Such a view is entirely in harmony with the rule established by the court that an appeal from a judgment entered on findings permits the appellant to argue the proposition that the judgment is not supported by the findings, and it is sustained by what has been written concerning appeals from judgments in cases tried before a jury.
 
 (Wheeler
 
 v.
 
 Sweet,
 
 137 N. Y. 435, 439, 440;
 
 Webb
 
 v.
 
 National Bank of Republic,
 
 146 Fed. Rep. 717, 719;
 
 Bennett
 
 v.
 
 Butterworth,
 
 11 How. [U. S.] 669, 676;
 
 Reade
 
 v.
 
 Street,
 
 122 N. C. 301;
 
 Guaranty Trust Co.
 
 v.
 
 Koehler,
 
 195 Fed. Rep. 669.)
 

 The last question concerns the relief to be granted. The Code provides that we
 
 “
 
 may either modify or affirm the judgment * * * appealed from, award a new trial, or grant to either party such judgment as such party would be entitled to.” (Code of Oiv. Pro. § 1337.) Treating the verdict as one in favor of the appellant, under the authority of this section we doubtless would have the power not only to reverse the judgment against it but also to order one in its favor dismissing the complaint.
 
 (Farleigh
 
 v.
 
 Cadman,
 
 159 N. Y. 169.)
 

 This, however, would result in depriving the plaintiff of any opportunity for relief from an adverse verdict, and while we are now deciding after careful consideration that the verdict was unfavorable to him wherefrom theoretically arose the obligation on his part to seek relief from it when it was rendered, we think that the
 
 *233
 
 situation presented by the action of the jury was so unusual and uncertain that practically it would be too harsh to charge him with this obligation and that a fairer result will be secured- by simply awarding a new trial.
 

 The judgment, therefore, should be reversed and a new trial granted, with costs to abide the event.
 

 Willard Bartlett, Ch. J., Collin, Cuddeback, Hogan and Miller, JJ., concur; Werner, J., absent. Judgment reversed, etc.