JEANNE LEONARD, Respondent, *v.* JOHN VOLZ, Appellant.

JULIAN LEONARD, Appellant, *v.* JOHN VOLZ, Respondent.

First Department, February 27, 1920.

Negligence — trial — verdict — separate actions by wife for injuries and by husband for loss of services tried together — verdict in wife's action for substantial damages and in husband's action for " no damages "— entry of verdict for defendant in husband's action erroneous — correction of error on appeal.

Where an action by a wife for damages arising out of an injury caused by the negligence of the defendant, and an action by the husband for loss of services arising from the same injury were tried together and the jury returned a verdict for the wife for substantial damages and " no damages for the husband," it was error to direct the verdict to be entered for the plaintiff in the action by the wife and for the defendant in the husband's action, for the verdicts being general ones, they were in effect that in the wife's action there was injury with damage while in the husband's action there was injury without damage, and the court should have directed that the verdict in the husband's action be entered for nominal damages.

The irregularity in the entry of the verdicts is one which the Appellate
Division has power to correct under section 1317 of the Code of Civil
Procedure.

APPEAL in the first action by the defendant, John Volz, from
a judgment of the Supreme Court in favor of the plaintiff,
entered in the office of the clerk of the county of New York on
the 26th day of April, 1919, upon the verdict of a jury for
$10,000, and also from an order entered in said clerk's office on
the 25th day of April, 1919, denying defendant's motion for
a new trial made upon the minutes.

Appeal in the second action by the plaintiff, Julian Leonard,
from a judgment of the Supreme Court in favor of the defend-
ant, entered in the office of the clerk of the county of New York
on the 2d day of May, 1919, upon the verdict of a jury, and
also from an order entered in said clerk's office on the 25th
day of April, 1919, denying the plaintiff's motion for a new
trial made upon the minutes.

*Edward A. Alexander* of counsel [*Frank Weinstein* with him
on the brief], for the plaintiffs.

*George F. Hickey* of counsel [*Frank Herwig* with him on the
brief; *Harry A. Talbot,* attorney], for the defendant.

PER CURIAM:

Jeanne Leonard was injured by the negligent operation of
an elevator in the apartment house owned by the defendant,
in which she was a tenant. She brought an action for these
injuries, and her husband sued for loss of services arising from
the same injury. The actions were tried together. The jury
returned a verdict in the case of Mrs. Leonard for $10,000
damage " and no damages for the husband." The court
thereupon directed the verdict to be entered in Mrs. Leonard's
action for the plaintiff in the sum of $10,000, and for the
defendant in the husband's action. The verdicts as thus
entered would be inconsistent and would have to be set aside.
(*Gray* v. *Brooklyn Heights R. R. Co.,* 175 N. Y. 448.) Being
general verdicts, it would appear that the jury had found in
one case that the defendant was negligent and the plaintiff free
from contributory negligence, while upon the same facts it had
found that the defendant was not negligent or that the plain-

tiff's wife was chargeable with contributory negligence. The verdicts, however, as rendered by the jury were consistent. Mrs. Leonard was in a lucrative business; she paid the household expenses and the medical and other expenses incurred by reason of the injury. The verdict was that, in one case, there was injury with damage and, in the other case, injury without damage. The court should, therefore, have directed that the verdict be entered in the husband's action for nominal damages. We have carefully examined the record and find no error therein requiring a new trial. Under the power conferred upon this court by section 1317 of the Code of Civil Procedure, we can correct this irregularity.

The judgment and order in the action of Jeanne Leonard against the defendant is affirmed, with costs. The order in the action of Julian Leonard against the defendant is affirmed and the judgment reversed, without costs, and judgment directed to be entered for the plaintiff for six cents damages.

Present — CLARKE, P. J., LAUGHLIN, SMITH, PAGE and MERRELL, JJ.

In the first case: Judgment and order affirmed, with costs. In the second case: Order affirmed and judgment reversed, without costs, and judgment directed to be entered for plaintiff for six cents damages.