WILLIAM PEMBERTON, Respondent, v. THE CITY OF ALBANY, Appellant, Impleaded with STANDARD OIL COMPANY OF NEW YORK, Defendant.

Third Department, May 4, 1921.

Municipal corporations — negligence — action against city to recover damage to automobile which skidded on freshly oiled street — trial — judgment reversed and new trial granted for errors in charge.

In an action against a city and an oil company to recover damages to plaintiff's automobile which skidded on a freshly oiled street and collided with another automobile, based on the act of said oil company under a contract with the city, in applying an unusual quantity of liquid tar to the street, the failure to cover the same with sand or gravel, and the failure to leave a space for automobiles to pass around the tar, held, that a judgment in favor of the plaintiff should be reversed and a new trial granted for errors in instructions to the jury and refusal to charge as requested by defendant.

WOODWARD, J., and JOHN M. KELLOGG, P. J., dissent, with opinion.

APPEAL by the defendant, The City of Albany, from a judgment of the County Court of Albany county in favor of the plaintiff, entered in the office of the clerk of the county of Albany on the 26th day of July, 1920, upon the verdict of a jury for $120, and also from an order entered in said clerk's office on or about the same day denying said defendant's motion to set aside the verdict and for a new trial made upon the minutes.

*Arthur L. Andrews* [*John J. McManus* of counsel], for the appellant.

*Henry J. Crawford,* for the respondent.

COCHRANE, J.:

The complaint specifies three grounds of negligence, viz.: (1) The application to the highway of an unusual quantity of liquid tar or road material; (2) failure to cover the same with sand or gravel; and (3) failure to leave a space for automobiles to pass around said tar or road material. There is no allegation of negligence because of the absence of signs or warnings on the highway. The court nevertheless refused to charge the jury as requested by the city of Albany that there could be no recovery against the city because of the absence of such signs or warnings. The court did charge, however, that the other defendant, the Standard Oil Company, was not liable because of such omission, thereby emphasizing in the minds of the jury that they might find the city negligent because thereof. Nothing is more firmly established than that a recovery must be *secundum allegata et probata.* That rule clearly has been violated and it seems to me it cannot be said that such violation of the rule has not produced the verdict against this appellant. There is absolutely no evidence charging the city with negligence because too much of the slippery material was used and in respect to the other grounds of negligence specified in the complaint the evidence against the city is not so preponderating in favor of the plaintiff that a substantial error in the charge to the jury may be overlooked. The jury may very well have found from the evidence that if the slippery material had not been excessively applied by the Standard Oil Company there would have been no obligation on the part of the city to purchase sand or gravel for the protection of travelers but at the same time may have concluded that the city should have lighted or guarded the street and thus under the charge of the court the city may have been held liable for negligence not alleged in the complaint.

The judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

VAN KIRK, J., concurs; WOODWARD, J., dissents, with an opinion, in which JOHN M. KELLOGG, P. J., concurs.

KILEY, J.:

This action was commenced in December, 1918, against the defendant, the city of Albany, and against the Standard Oil Company of New York. For a complaint against the defendants, the plaintiff alleges in his complaint that the defendants, on the 30th of July, 1918, covered the entire surface of the Southern boulevard, a street in said city, with a great and unusual quantity of liquid tar or road material, to the depth of nearly an inch; that it did not cover it with sand or gravel; that it left no space untarred, for automobiles to pass over said street, and by reason thereof automobiles going upon said street would be likely to slip and skid, and that the plaintiff's automobile did, on said 30th day of July, 1918, slip and skid, colliding with the automobile of another person (Harry J. Laut) and causing damage to plaintiff's car. The plaintiff had a verdict against the defendants, the city of Albany and the Standard Oil Company; this is a companion case to Laut v. City of Albany, and arose out of the same accident. Plaintiff had judgment which was appealed to and decided by this court at a previous term. (191 App. Div. 753.) In that case plaintiff had a verdict against both defendants and upon such appeal we reversed the judgment. Our reversal was based upon errors in the reception of evidence and in the charge of the court to the jury; we held that the defendant the Standard Oil Company was an independent contractor and, therefore, not liable. The decision upon appeal was not unanimous. The contrary view being that the city was liable whether the Standard Oil Company was or was not an independent contractor, and that notice, actual or constructive to the city, was not necessary to hold it liable, citing Minton v. City of Syracuse (172 App. Div. 39). That decision was based upon the existing relation of master and servant. Here the court set aside the judgment as against the Standard Oil Company upon the ground it was an independent contractor; that defendant being eliminated we are called upon to consider how the appellant is affected and whether any of its rights have been violated. So far as holding the defendant city liable for any negligent act of its codefendant, it cannot be done in this case; the codefendant

having been exonerated, it settles the question as to any alleged negligence of the Standard Oil Company. (*Pangburn v. Buick Motor Company*, 211 N. Y. 228.) The city owed a duty to the traveling public to keep its streets in a safe condition for such travel. The measure of its responsibility is that "it is bound to exercise reasonable diligence and care to accomplish that end." (*Turner* v. *City of Newburgh*, 109 N. Y. 301.) This rule when applied to the appellant in this case must be applied as if the obstruction or cause of the damage had no relation to the city as an employer, as if the condition was created by some outside source. To illustrate, as if some company carting oil over the street to be spread in another village, had had an accident causing the oil tank to burst and let the oil out upon and over the street. With the elimination of the Standard Oil Company as a servant we have that condition, and hence the wisdom and necessity of section 244 of the Second Class Cities Law. That section applies to this defendant and to the conditions upon which this action is based; if it does not I cannot conceive of any case where it should be applied. The evidence is uncontradicted that the oil was put on between three and four o'clock in the afternoon of July 30, 1918, and that this accident happened between eight and nine o'clock the same evening. It affirmatively appears that the defendant city did not have actual notice of any dangerous condition, and the time was short between the two events to hold it had constructive notice; but that the city was entitled to either actual or constructive notice must be conceded. (*MacMullen* v. *City of Middletown*, 187 N. Y. 37; *Cohen* v. *City of New York*, 204 id. 424.) The question of notice may be for the jury, but if there is no dispute of fact it is one of law. The trial court held that in this case the circumstances raised a question of fact for the consideration of the jury. No fault sufficient to reverse a judgment could be found with the fact that the question was submitted to the jury; but the manner of its submission presents error which calls for a reversal of the judgment. Attorney for appellant made the following requests and received the following replies: " I further ask you to charge upon the undisputed evidence in the case, the defendant, City of Albany, had not sufficient actual notice

or knowledge of the alleged dangerous condition of the boulevard at the place in question at the time of this accident to be given a reasonable time after such notice and knowledge in which to repair or guard against the same. The Court: I submit that question to the jury." " I further ask your Honor to charge upon that subject, that upon the undisputed evidence in the case the time elapsed between the application of oil to the boulevard on the 30th of July, and the happening of this accident in question was insufficient upon which to base constructive notice to the City of Albany, of the condition alleged to be dangerous, and a reasonable time to remedy the same. The Court: I so charge, but in this connection I also charge you that it is undisputed that Mr. Bender, the superintendent of parks in this city, called upon the Standard Oil Company agent and had a conversation with him about the application of the oil on the boulevard, and that this agent of the company said he would let him know when the work would begin," etc. The balance of that particular paragraph was to the effect that Bender was told that the oil tank was on the way. Appellant's counsel excepted and said: " I further ask your Honor to charge in that regard that there was nothing in the telephone conversation just referred to by your Honor, which was any notice that any dangerous condition existed upon the boulevard, or was apt to be created or apt to exist on the boulevard on that day. The Court: I will so charge you, gentlemen; and I also charge you, however, that it was notice to the city that the oil was on its way to the Southern Boulevard to be applied. And then it is a question for you to determine, *that the city had knowledge that oil was to be applied,* as to whether or not the city negligently and carelessly did anything that it should not have done, or negligently or carelessly omitted to do something which it should have done." By this charge the honorable court instructed the jury that while the city did not have any knowledge, either actual or constructive, that any dangerous condition existed, yet it had knowledge that the oil was to be applied, and, therefore, that was sufficient without either actual or constructive notice; and said to them, in effect, that knowledge of the fact that oil was to be applied was sufficient notice for the city to anticipate and conclude that

a dangerous condition would exist, and solely by reason of that fact. We cannot say this was harmless error. The court then charged that there was no evidence in the case that the defendant city of Albany authorized the application of a great or unusual quantity of road oil or material to the street in question, on the occasion in question. After such charge what was left of the complaint to go to the · jury? Simply the allegation that the whole width of the street was covered with oil and that it had not been covered with sand or gravel. The significance of the · last proposition depends upon the truth of the first proposition. The evidence is overwhelmingly in favor of the defendant that only one-half of the roadbed was covered on the afternoon in question; under such condition the failure to put on sand or gravel is not even a pretext for negligence. Evidence of the absence of warnings was permitted to go to the jury. The' complaint does not allege such absence as a ground of negligence and it was not a ground of negligence. Under the complaint, after the foregoing eliminations by the court, the foundation for the action remaining is, " and without leaving any space for automobiles to pass over said boulevard without passing over and through the said tar or material." No question is raised that the oil used was improper for the purpose used: The court had instructed the jury that the appellant did not authorize large or unusual quantities; if some of the oil applied to the right-hand side of the street did run over to the left side after such application, the defendant, not having author-ized anything unusual or improper, it cannot be held that it should have anticipated anything extraordinary was liable to occur. Under these conditions it is doubly apparent how salutary the provisions of section 244 of the Second Class Cities Law are, in determining the liability of municipalities. I favor reversal of the judgment.

VAN KIRK, J., concurs.

WOODWARD, J. (dissenting):

The complaint in this action alleges that the Southern boulevard in the city of Albany is a public highway which it is the duty of said city to maintain in a reasonably safe

condition for public travel; that " on or about July 30th, 1918, the defendants negligently and carelessly covered the entire surface of said boulevard with a great and unusual quantity of liquid tar, or road material, to a depth of nearly an inch, without covering the said tar or material with sand or gravel, and without leaving any space for automobiles to pass over said boulevard without passing over and through the said tar or material, and that the said defendants negligently and carelessly permitted the said material to be and remain on the driveway of said boulevard in the manner aforesaid * * * and in such a manner as to make it very dangerous for automobiles to pass over the same; " that on the said thirtieth day of July the plaintiff, without knowledge of the condition, drove upon the said tar-covered boulevard; that his automobile, running at an entirely reasonable rate of speed, became unmanageable owing to the slippery condition produced by the tar, and collided with another automobile resulting in damages to his automobile. The trial of the action resulted in a verdict for the plaintiff against both of the defendants, but the Standard Oil Company has, on motion, been eliminated from the case, and the city of Albany appeals from the judgment entered upon the verdict and from an order denying a new trial on the minutes.

The case grew out of the same accident involved in the case of *Laut* v. *City of Albany* (191 App. Div. 753), and the present trial seems to have moved along the lines indicated in the opinion of the court in that case. The only question upon which there was any serious dispute in the evidence was whether the oil or tar covered the entire roadway and the amount of oil remaining upon the surface. The defendant's witnesses testified that the oil was of a light quality and that it was spread with an apparatus which made it impossible to produce more than a light covering, and that only one-half of the roadway was covered even with this light covering. The plaintiff's witnesses, on the other hand, testified that the road was covered from the grass on either side of the driveway, and that it was of a depth ranging from a quarter of an inch to two or three inches in depressions. Taking the plaintiff's version of the situation, there can be no doubt that a dangerous condition was created, and we are of the opinion

that this having been due to the affirmative action of the city of Albany, through its employment of the Standard Oil Company to furnish and deliver the tar or road material upon the surface of the street, it is not in a position to say that it did not have notice of the danger which it had thus created.

We have examined the various errors suggested but we are unable to find any reason for disturbing the judgment.

The judgment and order appealed from should be affirmed, with costs.

JOHN M. KELLOGG, P. J., concurs.

Judgment and order reversed and new trial granted, with costs to appellant to abide event.