MARY L. CLAWSON, Respondent, v. THE CITY OF ITHACA, Appellant, Impleaded with FOREST CITY PLUMBING COMPANY and Another, Defendants.

Third Department, November 12, 1925.

Municipal corporations — action for injuries suffered when limb of tree fell striking plaintiff — tree was on premises of individual defendant — verdict against city and not against individual is inconsistent — failure of plaintiff to present or file verified claim within thirty days as required by Ithaca City Charter (Laws of 1908, chap. 503, § 221, as amd. by Laws of 1909, chap. 250) bars action — claim subscribed and verified by claimant's daughter was insufficient.

In an action to recover damages from the city of Ithaca and the owner of abutting property for injuries suffered by the plaintiff when a limb of a tree fell striking her as she was walking on a sidewalk, in which it appears that the tree was on the

premises of the individual defendant, a verdict absolving the individual defendant from liability and holding the city liable is contradictory and inconsistent.

However, the plaintiff's claim against the city was barred, since it appears that she did not present to or file with the proper authorities of the city of Ithaca, within thirty days after the accident, a claim subscribed and verified by her, as required by section 221 of the Ithaca City Charter (Laws of 1908, chap. 503, as amd. by Laws of 1909, chap. 250).

The charter was not complied with by filing a claim subscribed and verified by a daughter of the claimant, in the absence of any evidence to show that the claimant herself was physically or mentally unable to comply with the charter.

APPEAL by the defendant, The City of Ithaca, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Tompkins on the 21st day of April, 1924, upon the verdict of a jury for $3,000, and also from an order entered in said clerk's office on the 3d day of May, 1924, denying said defendant's motion for a new trial made upon the minutes.

*Riley H. Heath,* for the appellant.

*C. Leonard O'Connor,* for the respondent.

H. T. KELLOGG, J.:

The plaintiff, while walking upon a sidewalk in a street of the defendant city, was injured by a branch falling from the limb of a tree which overhung the sidewalk. The tree was upon the premises of the defendant Williams. The plaintiff sought recovery from the defendant Williams and the defendant city on the ground that they had been negligent in suffering the dead branch which fell to remain upon the tree. The jury found a verdict exculpating the defendant Williams and inculpating the defendant city. It is not conceivable that the defendant city was guilty of negligence while the defendant Williams, the owner of the tree, was free from blame. The verdict, therefore, is self-contradictory and suggests the thought that the jurymen who found it were prompted by sympathy rather than by reason. However this may be, there is another and conclusive reason why the plaintiff must fail in her action against the city. The charter of the defendant city provides that all persons having claims against it for damages must, within thirty days from the accrual thereof, present to the common council claims in writing, stating the nature and extent of the damages or injuries together with certain other prescribed facts, and that such claims " must be verified by the oath of the claimants."* A claim was filed with and served upon the city clerk on behalf of this plaintiff within thirty days, which was subscribed and verified by the plaintiff's daughter. The plaintiff never filed a claim

---

* See Ithaca City Charter (Laws of 1908, chap. 503), § 221, as amd. by Laws of 1909, chap. 250.— [REP.

or notice of claim which had been verified by herself. A verification by the plaintiff was essential. (*Cotriss* v. *Village of Medina,* 139 App. Div. 872; affd., 206 N. Y. 713.) It has been held that if a claimant is physically or mentally unable to prepare and present a claim he is entitled to additional time to comply with the requirement of filing. The evidence in the case establishes beyond contradiction that the plaintiff, long before the expiration of the thirty-day period, was entirely competent, both physically and mentally, to prepare and verify a claim. Her omission in this respect precludes a recovery and requires a dismissal of the action.

The judgment and order should be reversed and the complaint dismissed, with costs.

All concur.

Judgment and order reversed on the law and complaint dismissed, with costs.