Lewis E. Stahl, Plaintiff, v. Niagara De Luxe Cab Co., Inc., Defendant. (Action No. 1.)

Rilla Stahl, Plaintiff, v. Niagara De Luxe Cab Co., Inc., Defendant. (Action No. 2.)

Lewis E. Stahl, Plaintiff, v. Niagara De Luxe Cab Co., Inc., Defendant. (Action No. 3.)

County Court, Niagara County, February 20, 1930.

*James A. Noonan [Michael J. Noonan of counsel], for the plaintiffs.*
*Cohn, Franchot, Runals & Robillard for the defendant.*

Gold, J. The above three actions arose out of the same cause of action. The plaintiff Lewis E. Stahl was the owner of the automobile. His wife, Rilla Stahl, was driving the same with his consent. His two minor children were with his wife in the automobile at the time of the collision. They are street intersection cases, the collision having occurred at the corner of Jefferson avenue and Sixth street in the city of Niagara Falls.

Cause of action No. 1 was commenced by the husband to recover for damage to his automobile.

Action No. 2 was commenced by the wife to recover for personal injuries.

Action No. 3 was commenced by the husband to recover for loss of services of his wife and two children and for medical services.

The three actions were tried together in this court and the jury brought in verdicts in favor of the plaintiff in actions Nos. 1 and 3 and a verdict of no cause of action in action No. 2.

The defendant moves for a new trial in actions Nos. 1 and 3 and plaintiff for a new trial in action No. 2.

The verdicts in the cases are inconsistent.

It is a mere speculation to try to determine the line of reasoning of the jury in rendering these verdicts. Had the jury followed the instructions of the court, such verdicts could not have been rendered.

To entitle the plaintiff Lewis E. Stahl to recover in actions Nos. 1 and 3, it was necessary to satisfy the jury that his wife was free from contributory negligence and that the defendant alone was negligent. If the jury had reached this conclusion, it should have rendered a verdict in favor of the plaintiff Rilla Stahl in her action. Having found a verdict of no cause of action in the Rilla Stahl case, one would naturally be led to assume that the jury considered her guilty of contributory negligence, and of course if that was true, the plaintiff Lewis E. Stahl should not have recovered. Apparently, the jury was confused with reference to the law applicable to the case at the time the verdict was rendered.

The defendant in his application for a new new trial in actions Nos. 1 and 3 refers to the decision handed down in *Swartout* v. *Van Auken* (132 Misc. 89). In that case the court apparently attempts to settle the cause of action and passes on the question of negligence, stating what the jury should have found under the evidence. The defendant apparently had recovered a verdict on his counterclaim. The judge then decides as follows: " The verdict in favor of Mr. Van Auken is contrary to the evidence and must be set aside. However, as the plaintiff was found, upon sufficient evidence, to be also negligent, it seems to me that there should not be a retrial of this case if the defendant be willing to waive the verdict in his favor. The verdict is set aside and a new trial ordered unless the defendant Sidney Van Auken shall within ten days file a stipulation waiving the verdict of $515 rendered in his favor. In the event that such stipulation shall be filed the motion is denied."

I think the above case is not in point when considering the facts in the three cases tried in this court.

I am satisfied that the jury departed from the instructions given by this court. I believe that this court should follow the rule laid down by the Court of Appeals in this State, which is set forth as follows: " The practice of trying, with the consent of all concerned, the wife's action for personal injuries caused by negligence and the husband's action for loss of services owing to the same injury, at the same time and submitting them to the same jury upon the same evidence, should not be discouraged, for it saves the time of the court and witnesses and reduces the expenses of the parties. When, however, the two actions are thus tried together and inconsistent verdicts are rendered, we incline to the view that sound

practice requires both verdicts to be set aside at once, without attempting by analysis of the evidence, or otherwise, to discover whether either should be allowed to stand. No other course is safe, for it cannot be told with reasonable certainty what facts the jury found. The presumption is that they willfully disregarded the instructions of the court and reached a conclusion by some method not warranted by law." (*Gray* v. *Brooklyn Heights R. R. Co.*, 175 N. Y. 448, 450.)

The verdicts in all three actions are set aside and new trials granted.