OSCAR ECKLER and Another, as Administrators, etc., of INA M. ECKLER, Deceased, Plaintiffs, *v.* THE VILLAGE OF ILION and Others, Defendants.

Supreme Court, Herkimer County, April 3, 1931.

*Schmidt & Peterson,* for the plaintiff.

*Foley & Guile,* for the defendants Rochester Packing Company and George Fullem.

*Arleigh D. Richardson,* for the defendant village of Ilion.

DOWLING, J. Plaintiffs instituted this action against the village of Ilion, Rochester Packing Company, Inc., and George Fullem to recover damages for negligently causing the death of plaintiffs' intestate.

May 1, 1923, a man named O'Connor purchased, by land contract, building and premises No. 28 Union street, village of Ilion, N. Y. O'Connor conducted a meat market in said premises. Prior to April 2, 1925, O'Connor became indebted to the Rochester Packing Company on account of goods sold. Being unable to meet his account with said company, he assigned his land contract to it as collateral security for the payment of said account. About July or August, 1926, O'Connor, still indebted to the said company, and without its knowledge, vacated said premises and left the key thereof with a neighboring merchant. One of the officers of said company, in July or August, 1926, visited O'Connor's market, found the same closed, learned that the key thereof was left with said merchant, procured same, entered and took possession of said premises for his company.

In February, 1927, said company orally leased the part of said premises theretofore used by O'Connor as a meat market to the defendant Fullem by the month, for fifty dollars per month. Fullem took possession, opened a meat market and grocery store therein in which he sold said company's meat products. Fullem continued to conduct said business in said premises up to and including November 24, 1928. Entry to Fullem's market was had by a separate entrance.

For many years prior to November 24, 1928, and on said date, there was a stone step consisting of two blocks of stone placed adjacent to the face of the building and directly in front of the entrance to Fullem's market. Said step was six feet, eight inches long, one foot, four inches wide and seven and a half inches high.

A person desiring to enter said market passed directly from the sidewalk over said stone step and onto a wooden platform occasioned by a setback built upon the floor of said market leading to the door opening therein.

The evidence is to the effect that for five or six years prior to

November 24, 1928, said step would rock if a person should step upon the northeasterly end thereof while going in or out of said market. During this period there was a visible space between the front and northeasterly half of said step and the ground or pavement beneath, extending back under the step, of about a half inch more or less. Apparently this interval allowed the step to rock or tilt.

On November 24, 1928, in the late afternoon, plaintiffs' intestate visited said market and made a purchase therein. On the way out she stepped upon the northeasterly end of said stone step, it "wiggled," throwing her to the concrete walk below, occasioning injuries which resulted in her death on the 5th of December, 1928.

In July or August, 1926, when the packing company took possession of said store, it made an inspection of said stone step. When it rented the store to Fullem nothing was said to him about the condition of said step, nor did said company agree to make any repairs thereto or to the said market during the continuance of Fullem's lease.

At the conclusion of the evidence a nonsuit as to the village of Ilion was granted. The case was submitted to the jury against the defendants packing company and Fullem. The jury returned a verdict against the packing company for $3,500, and a verdict of no cause for action in favor of the defendant Fullem.

Plaintiff moved to set aside the verdict as against the defendant Fullem as being contrary to law and against the weight of the evidence, and then withdrew the motion. Defendant packing company moved to set aside the verdict against it " *upon all the grounds as specified in section 549 of the Civil Practice Act, contrary to law, contrary to the evidence and against the weight of evidence and excessive; also upon the ground that the verdict itself is inconsistent, that there cannot be a recovery in this case against the Rochester Packing Company and a verdict of no cause for action as against the defendant Fullem.*"

The packing company and Fullem appeared by the same attorneys, but answered separately. At the close of the plaintiffs' case, and at the conclusion of all of the evidence, separate motions were made in behalf of each defendant, thus creating the impression that said defendants did not consider that they were, in any sense, joint tort feasors.

The jury found that the packing company either knew or should have known of the dangerous condition of said stone step at the time it rented said market to Fullem, and that it did not advise him of the condition thereof, or take any steps to remedy said defective condition. There was sufficient evidence to warrant this

conclusion upon the part of the jury and it properly held the packing company liable.

The question to be determined is as to whether or not the verdict returned against the packing company is inconsistent with the verdict of no cause for action in favor of the defendant Fullem. The packing company contends that the verdict is inconsistent and should be set aside and cites as authorities for this position: *Rowell* v. *Hutzler Lumber Co., Inc.* (228 App. Div. 158; affd., on other grounds, 255 N. Y. 581); *Clawson* v. *City of Ithaca* (214 App. Div. 333); *Brothers* v. *Village of Ilion* (224 id. 688); *Pangburn* v. *Buick Motor Co.* (211 N. Y. 228); *Heffern* v. *Village of Haverstraw* (143 App. Div. 527). These authorities do not sustain the packing company's contention. It and Fullem were not joint tort feasors. Its liability was, in no sense, a derivative or secondary one depending upon Fullem's negligence. He was not its agent or representative. (*Pangburn* v. *Buick Motor Co.*, 211 N. Y. 228, 234.)

No complaints as to the defective condition of this stone step were ever made to Fullem prior to the occasion of the accident, nor had he ever made any inspection of the stone step so as to ascertain its true condition, such as had been made by the packing company. The jury, apparently, felt that Fullem was justified in relying upon the fact that if there had been any defect in the condition of said stone step, it would have been called to his attention by the packing company at the time he leased the premises, and that he had not been in the premises a sufficient length of time, in the exercise of reasonable diligence, to charge him with negligence in failing to discover the defective condition of said stone step. Under the evidence, a discharge of the defendant Fullem from liability in no way affected the liability of the packing company as its negligence dated from the time it leased the premises to Fullem. While the jury might properly have held both defendants negligent, it did not choose to do so. Theirs was the duty of determining the weight of the evidence. They found the scale tipped in Fullem's favor. Such a holding is not inconsistent with the verdict rendered against the packing company. Its negligence did not consist in maintaining the step in a defective condition, but in leasing the premises for a use of a public nature when it knew, or should have known, that they were unsuited therefor. (*Kilmer* v. *White*, 254 N. Y. 64, 69.)

Motion is denied. Ordered accordingly.