JAMES RUSH, Respondent, *v.* JAGELS " A FUEL CORP.", DAVID ROSE and VINCENT FERACO, Appellants.

First Department, July 3, 1942.

*William L. Shumate* of counsel [*Andrews, Baird & Shumate,* attorneys], for the appellants Jagels " A Fuel Corp." and David Rose.

*John W. Bonney* of counsel [*Louis Lipschutz* with him on the brief; *Bonney & O'Brien*, attorneys], for the appellant Vincent Feraco.

*Samuel J. Sussman* of counsel [*Herman E. Hoberman*, attorney], for the respondent.

GLENNON, J.  This action was instituted to recover damages for personal injuries sustained by plaintiff when a taxicab in which he was a passenger collided with a truck owned by the corporate defendant and driven by defendant David Rose.  The taxicab was owned and operated by defendant Vincent Feraco.  The case was tried in the Supreme Court, New York County.  At the conclusion of the trial the jury rendered its verdict.  The stenographer's minutes indicated the following: " The Clerk: Ladies and Gentlemen of the jury, hearken to your verdict as it now stands recorded: You say you find a verdict for the plaintiff James Rush in the sum of $1,500 against the defendant Jagels Fuel Corporation, and so say you ten to two."

Counsel for the defendants Jagels " A Fuel Corp." and David Rose then moved to set aside the verdict, whereupon the following took place: " The Court: Just a minute.  You have another ground that you haven't stated.  What is your other ground?  I will state it for you.  I ask counsel on the other side to answer me, if he can: This verdict is against the employer [Jagels ' A Fuel Corp.'] and is not against the employee [David Rose].  The employer's responsibility is only derivative, and the jury having found in favor of the employee, any verdict that they find against the employer cannot stand.  On that ground, I grant the motion to set aside the verdict.  Mr. Barrett: Thank you, Your Honor.  Mr. Hoberman [plaintiff's attorney]: Your Honor, please, in order to save the time of the Court, *might it be a wiser thing to ask if they intended to hold the individual defendants.*  The Court: *I am not going to ask a jury what their intentions are.*  The jury has rendered their verdict, after several hours' deliberation.  I have to take the verdict as it is brought in.  Mr. Hoberman: *We take exception to your Honor's ruling."*  (Emphasis ours.)

From this transcript of the stenographer's minutes, it plainly appears that plaintiff's counsel was in doubt as to the finding of the jury with respect to the two individual defendants, David Rose and Vincent Feraco. As was his right, he requested the court to ascertain from the jury its intention with respect to the individual defendants. The court declined to grant plaintiff's request, to which ruling an exception was duly taken. In the circumstances it must be plain that as to the two individual defendants no verdict of the jury was rendered. If the individual defendants had believed that the intention of the jury was to decide in their favor and against the plaintiff, it would have been a simple matter for them to have joined in plaintiff's request to have the jury state what its intention was with respect to the individual defendants. In view of plaintiff's request, the jury should have been required to have their verdict conform to their real intention and purpose. (*Brigg* v. *Hilton*, 99 N. Y. 517, 531; *Warner* v. *New York Central R. R. Co.*, 52 id. 437.)

Under the circumstances, we think that it was improper for the clerk of the court to set forth in his minutes the words " and in favor of David Rose and Vincent Feraco." The trial court properly granted plaintiff's motion to correct the clerk's minutes with respect to the verdict rendered by striking out the words quoted and by having the minutes show that the jury found a verdict for the plaintiff and against the corporate defendant. The minutes as corrected also showed that the motion of the corporate defendant to set aside the verdict was granted and that plaintiff's motion to set aside the verdict in favor of Vincent Feraco was denied.

The trial court had the power to correct the error of the clerk in improperly recording in his minutes a verdict in favor of the two defendants who were not named by the jury in its verdict, and to compel an entry which would reflect correctly the findings of the jury. (*Bohlen* v. *Metropolitan Elevated R. Co.*, 121 N. Y. 546; *Dalrymple* v. *Williams*, 63 id. 361; *Wirt* v. *Reid*, 138 App. Div. 760.)

In the light of what occurred at the time the jury rendered its verdict, we think that it was neither final nor conclusive with respect to the two individual defendants. (See *Duerr* v. *Consolidated Gas Co.*, 104 App. Div. 465.)

Our attention has been called to the fact that plaintiff moved to set the action down for trial again as against all parties and that this motion was granted and that no appeal had been taken from the order granting this motion. In the interest of justice and fairness, in the peculiar circumstances of this case, we think

that a new trial as against all parties should be had. It was so held in a somewhat similar situation in *Pangburn* v. *Buick Motor Co.* (211 N. Y. 228).

The case of *Thibodeau* v. *Gerosa Haulage & Warehouse Corp.* (252 App. Div. 615; affd., without opinion, 278 N. Y. 551) we think is inapplicable to the facts here, because there the court held that the infant plaintiff was a trespasser and was injured through no fault of the owner or operator and in no event was entitled to recover. In the present case, a passenger in a taxicab, injured through no fault of his own but as the result of the negligence of one or both drivers of the colliding vehicles, is clearly entitled to recover for his injuries.

For the reasons assigned, the order appealed from should be affirmed, without costs.

TOWNLEY, COHN and CALLAHAN, JJ., concur; MARTIN, P. J., concurs in result.

Order unanimously affirmed, without costs.