RICHARD REILLY, an Infant, by DOROTHY REILLY, His Guardian ad Litem, et al., Plaintiffs, *v.* SHAPMAR REALTY CORPORATION, Defendant.

Supreme Court, Trial Term, New York County, February 9, 1943.

*Jacob D. Fuchsberg, Arnold H. Schainuck* and *Charles Forster* for plaintiffs.

*Isidor Halpern* and *Joseph S. Robinson* for defendant.

MILLER, J. The infant plaintiff brought this action through his mother, as guardian *ad litem,* for personal injuries claimed to have been suffered by reason of the alleged negligence of the defendant. The mother, besides acting as guardian *ad litem,* brought a separate cause of action to recover for loss of services and for medical expenses incurred on behalf of the infant plaintiff.

It was conceded by defendant that a cement flowerpot located on a post in the areaway in the front part of defendant's premises had fallen upon the infant plaintiff, and that by reason thereof he sustained a fracture of his kneecap and was confined in the hospital for seventy-five days.

Plaintiff testified that he was invited to come upon defendant's premises by a son of one of defendant's tenants. He admitted that he had placed his hand upon the flowerpot before it fell upon him. Evidence was offered by defendant to the effect that the plaintiff had climbed up the side of the post and then placed his arms around the flowerpot and that he caused it to tumble over on him. The son of defendant's tenant testified that plaintiff was not playing with him at the time of the accident. The jury was instructed that in order to recover the infant plaintiff had to establish that he was an invitee; that he was free from contributory negligence; and, finally, that defendant had been negligent.

The jury inquired in a written message: "Is the owner legally required to see that the flower pot should have been properly fastened at all times?" With the consent of counsel the court instructed the jury that: "The owner of the property was under the duty as owner of the building to use reasonable care to keep the premises in a reasonably safe condition." Shortly before the verdict was announced the following message was received from the jury: "Can we find for the plaintiff and award him the amount of the hospital bill charges, recommending that this money will be paid to the hospital only?" Thereupon, the court, with the consent of counsel, instructed the jury: "If the jury find for the plaintiffs any award for the hospital bill charges must be made to the mother, Dorothy Reilly." The jury returned a verdict for the defendant against the infant plaintiff, the foreman stating that no allowance of damages was made in favor of the infant plaintiff. A verdict was returned in favor of the plaintiff mother in the sum of $532, the amount of the hospital bill. The jury was then polled as to each verdict and was unanimous in both instances.

A verdict against an infant with a verdict for the parent for expenses in a negligence action might have to be considered inconsistent and open to speculation. Here, however, it clearly appears that it was the intention of the jury to make no allowance whatsoever either to the infant or to the mother except to require the payment to the hospital of the amount of its bill. Under these circumstances, the determination in the infant's action in favor of the defendant results logically in exonerating the defendant from responsibility for this bill.

In *Gray (Malvina)* v. *Brooklyn Heights R. R. Co.* (175 N. Y. 448), relied upon by plaintiff, the court stated that when two actions, one being primary and the other derivative, are tried together and inconsistent verdicts are rendered, sound practice requires that both verdicts be set aside at once, without attempting by analysis of the evidence or otherwise to discover whether either should be allowed to stand. In *Stahl* v. *Niagara De Luxe Cab Co., Inc.* (135 Misc. 859), also relied upon by plaintiff, the County Court without passing upon the merits of the respective actions followed this procedure. In *Rush* v. *Jaegels " A Fuel Corp."* (264 App. Div. 535), where a new trial was ordered, the plaintiff was a passenger in a taxicab and there was no basis in the evidence for holding him guilty of contributory negligence and, consequently, the failure of the jury to return any verdict whatsoever against the individual defendant, the owner-operator of the taxicab, and also against the defendant employee of the fuel corporation, who was acting as driver for the corporation, did not afford a basis for holding that the plaintiff was in no event entitled to recover against the corporate defendant, as one or both of the drivers were necessarily negligent. In the case at bar, the verdict of the jury against the infant plaintiff is consistent with one or all of three findings, each of which precludes recovery by the infant. The finding against him necessarily means that he was a licensee who had to take the premises as he found them; or that he was either guilty of contributory negligence or that defendant was not guilty of negligence. In *Gray (Louis)* v. *Brooklyn Heights R. R. Co.* (72 App. Div. 454), where the verdict was in favor of the wife and against the husband, the verdict in favor of the wife was allowed to stand and a new trial was granted to the husband because, as stated by the court, it was the derivative or corollary action. In *Pangburn* v. *Buick Motor Co.* (211 N. Y. 228), where the court held that a verdict in favor of an employee and against the employer determines that there was no basis in law for holding the employer liable for negligence, Hiscock, J., cited and followed *Gray (Louis)* v. *Brooklyn Heights R. R. Co.* (*supra*) instead of *Gray (Malvina)* v. *Brooklyn Heights R. R. Co.* (*supra*). In *Leonard* v. *Volz* (190 App. Div. 748, affd. without opinion 232 N. Y. 575) the court, after analyzing the evidence, also allowed the verdict in the primary action to stand.

An analysis of the evidence in the instant action shows that the verdict for the defendant was clearly in accord with the weight of the credible evidence. It established that the defendant was not liable for the infant's injury. The verdict destroyed

any basis for a recovery of the amount of the hospital bill. (*Smith* v. *Rector, etc., Trinity Church,* 140 Misc. 301, affd. 234 App. Div. 840.) Under the circumstances, the motion of the infant plaintiff to set aside the verdict in favor of the defendant and for a new trial is denied, and the motion of the defendant to set aside the verdict in favor of the mother is granted and her complaint dismissed, with exception to plaintiff.