MARY GOINES, Respondent, *v.* PENNSYLVANIA RAILROAD COMPANY, Appellant, et al., Defendants.

First Department, March 19, 1957.

*Joseph P. Allen* of counsel (*Conboy, Hewitt, O'Brien & Boardman,* attorneys), for appellant.

*Sidney J. Ungar* of counsel (*Norman N. Liben* with him on the brief; *Sidney J. Ungar,* attorney), for respondent.

McNALLY, J. The defendant-appellant herein appeals from a judgment against it in the sum of $7,693.50, and from an order denying its motion to set aside the jury verdict in favor of the plaintiff on the second cause of action for false arrest, except from so much of said order as modifies the jury verdict by reducing it in the sum of $500. The action is by the plaintiff Mary Goines against the Pennsylvania Railroad Company, defendant-appellant herein, and two of its employees who are not parties to this appeal.

The action arises out of an incident which occurred on April 20, 1952, in the Pennsylvania Railroad station, New York City, when the plaintiff was arrested by the two individual defendants, policemen employed by the appellant, and charged with disorderly conduct in violation of subdivision 2 of section 722 of the Penal Law. Upon the original trial arising out of this charge in City Magistrates' Court in the City of New York, the plaintiff apparently was found guilty and received a suspended sentence although the Magistrate made no finding of guilt. The trial concluded with the following words: "The Court: Step down. I guess she has been punished enough. Sentence suspended. The Officer: We never seen her before." Subsequently, a new trial was granted upon the plaintiff's motion and the plaintiff herein was acquitted.

As a result of plaintiff's arrest, this civil action was brought against the appellant and the two individual policemen. The complaint alleges three causes of action against each of the three defendants. The first cause of action alleges an assault upon the plaintiff by the individual defendants while acting within the scope of their duties on behalf of the corporate defendant. The second cause of action alleges that the plaintiff had been falsely arrested and imprisoned. The third cause of action alleges that the plaintiff had been maliciously prosecuted on the charge of disorderly conduct.

After trial the jury returned separate verdicts on all three causes of action as follows: A unanimous verdict in favor of all the defendants on the first cause of action. On the second cause of action for false arrest, the jury found for the plaintiff (10 to 2) awarding damages in the sum of $7,500 plus $500

medical expenses to be paid by the Pennsylvania Railroad Company, and awarding damages against each of the individual defendants in the sum of $1. On the charge of malicious prosecution, the jury found in favor of the plaintiff (10 to 2) against each of the defendants, and awarded damages against each defendant in the sum of 6 cents. The appellant contends the verdict of the jury as finally recorded with respect to the second cause of action is inconsistent and contrary to law.

The learned Trial Justice correctly charged the jury that since the Pennsylvania Railroad Company is a corporation, it can act only through its officers, agents or employees. The plaintiff does not challenge the proposition that the liability of the corporate defendant is predicated upon the theory of *respondeat superior* and that its liability is therefore derivative. It follows that in order to sustain the verdict against the corporate defendant, under the circumstances of this case, it must adjudge liability on all three defendants. Furthermore, the corporate defendant's liability being derivative, the damages assessed against it may not exceed the damages assessed against its employees. On that premise the disparity in the damages awarded against the defendants may not be sustained on the authorities relied on by the trial court (208 Misc. 103).

After receiving the case, the jury returned to the courtroom on three occasions. The jury's verdict on all three occasions, with respect to the first cause of action alleging assault, remained the same, unanimously in favor of all defendants, and subsequently this verdict was recorded. With respect to the third cause of action, malicious prosecution, when the jury first returned, they found in favor of the plaintiff but did not indicate against whom and the amount of damages. The court then instructed the jury that if they found in favor of the plaintiff on the cause of action alleging malicious prosecution, they must award some damages even if only 6 cents. When the jury returned the second time, with respect to the cause of action for malicious prosecution, they found in favor of the plaintiff, by a vote of 10 to 2, in the sum of 6 cents against the appellant and no verdict against the individual defendants. When the jury returned a third time, they found again in favor of the plaintiff, by a vote of 10 to 2, awarding damages this time against each of the defendants in the sum of 6 cents.

The verdict with respect to the second cause of action, in the first instance, was in favor of the plaintiff in the sum of $8,000, inclusive of $500 medical expenses. The jury did not then specify against whom the verdict had been found. When the jury returned on the second occasion, they found in favor of

the plaintiff, by a vote of 10 to 2, with " Damages $7,500 or $7,500 and medical expense $500 a total of $8,000." When the court inquired of the jury against whom the verdict was, the forewoman said: " the Pennsylvania Railroad ", and when interrogated as to the jury's verdict against the individual defendants, she responded " No verdict." When the jury returned a third time, they found for the plaintiff (10 to 2) with damages of $7,500 and medical expenses $500 to be paid by the Pennsylvania Railroad Company and damages of $1 to be paid by the defendant Schwan and damages of $1 to be paid by defendant Stewart. The verdict was accompanied by a slip of paper, handed to the court, which bore the following inquiry: " Is the attached an intelligible, and legally adequate statement of the jury's various decisions? "

The verdict eventually recorded was a unanimous verdict in favor of the defendants on the first cause of action alleging assault; a verdict in favor of the plaintiff on the second cause of action, false arrest, with damages of $8,000, inclusive of $500 medical expenses, assessed against the appellant, and $1 assessed against each of the individual defendants; and on the third cause of action for malicious prosecution, a verdict for the plaintiff against each of the defendants in the sum of 6 cents.

The learned Trial Justice was warranted in sending back the jury for additional deliberations until the verdict was correct and free from obscurity. Before being discharged, a jury may be sent back for reconsideration (*Warner* v. *New York Cent. R. R. Co.*, 52 N. Y. 437). The actions of the jury indicate, however, that they were either confused or that they were seeking to relieve the individual defendants from liability by awarding damages against the corporate defendant alone contrary to the court's charge. If the jury had found in favor of the individual defendants and against the appellant, the verdict would not support the judgment herein (*Pangburn* v. *Buick Motor Co.*, 211 N. Y. 228). On the other hand, if it could be fairly said that it was the purpose of the jury to apportion damages, it would be proper to disregard the apportionment and direct judgment for the larger of the two sums found (*Kinsey* v. *Spencer & Son Corp.*, 165 Misc. 143, affd. 255 App. Div. 995, affd. without opinion 281 N. Y. 601).

On this record we are of the opinion that, contrary to the instructions of the learned Trial Justice, it was the purpose and intent of the jury to fasten liability on the appellant and to absolve the individual defendants therefrom, a result which is inconsistent and therefore contrary to law, despite the

painstaking efforts of the Trial Justice. In the interest of justice, in the circumstances of this case, we believe a new trial should be had (*Rush* v. *Jagels "A Fuel Corp."*, 264 App. Div. 535).

The judgment and " order " appealed from should be reversed and a new trial granted with respect to the second cause of action, with costs to the appellant to abide the event.

PECK, P. J., RABIN, FRANK and BERGAN, JJ., concur.

Judgment and order unanimously reversed and a new trial granted with respect to the second cause of action, with costs to the appellant to abide the event. Settle order on notice.