■ DOROTHY DIRSA, Individually and as Administratrix of the Estate of FRANK DIRSA, Deceased, Respondent, v JOSEPH MARTUSCELLO, Doing Business as JOE'S MARKET, Respondent, and WILLIAM BARTYZEL, INC., et al., Appellants.—Appeals (1) from a judgment entered July 16, 1979 in Montgomery County, upon a jury verdict rendered at a Trial Term of the County Court of Montgomery County, in favor of plaintiffs, and (2) from orders of the same court, entered July 16, 1979, which denied defendants' motions to set aside the verdict and denied the motion of defendant William Bartyzel, Inc., for judgment over against defendant Genesee Brewing Company, Inc. On March 26, 1975, plaintiffs Frank Dirsa and Dorothy Dirsa, husband and wife, instituted the present action against defendants wherein they alleged personal injuries arising from their consumption of Genesee beer purchased from defendant Joseph Martuscello, the operator of Joe's Market in Amsterdam, New York. The beer in question, which was manufactured by defendant Genesee Brewing Company and sold to defendant Martuscello by defendant William Bartyzel, Inc., a wholesale beer distributor, was con-

tained in a quart bottle and allegedly contaminated by a foreign substance, i.e., a partially decomposed mouse. As a result of their drinking of the beer on June 7, 1972, plaintiffs asserted that they each developed what their doctor diagnosed as a psychoneurotic and psychotic condition, the symptoms of which included gastroenteritis, intestinal distress of the pylorus, hyposthenia, dysnystaxis, painful swallowing and phobia to bottled liquids. When plaintiff Frank Dirsa died on October 29, 1976 of unrelated causes, his widow was appointed administratrix of his estate and his estate's representative in this action, and the matter proceeded to trial. Ultimately, on December 21, 1978, the jury returned a verdict in favor of plaintiffs wherein plaintiff Dorothy Dirsa was awarded in her individual action the sum of $12,500, plus $200 for medical expenses from defendant Genesee Brewing Company, Inc., and the sum of $5,000 from defendant William Bartyzel, Inc. The same amounts from the same defendants were awarded to Dorothy Dirsa as administratrix of her husband's estate, and a verdict of no cause of action was entered in favor of defendant Joseph Martuscello. Thereafter, defendant William Bartyzel, Inc.'s, motion for judgment over against defendant Genesee Brewing Company, Inc., was denied, and the instant appeals ensued. Initially, we find without merit the contention of defendants Genesee Brewing Company, Inc., and William Bartyzel, Inc., that the verdict was inconsistent, contrary to the law and the facts and against the weight of the evidence because a cause of action in strict products liability was neither pleaded in the complaint nor presented to the jury in the court's charge and there was no showing of privity between plaintiffs and these defendants with the result that awards could not properly be made to plaintiffs on a theory of breach of implied warranty. Assuming, but not conceding, that privity must be shown to recover for a breach of an implied warranty, it is nonetheless clear upon the present record that in their complaint plaintiffs set forth facts and allegations sufficient to establish a cause of action in strict products liability, and it is likewise clear that the court properly charged the jury concerning a strict products liability cause of action in language almost identical to that in *Codling v Paglia* (32 NY2d 330) wherein the elements of a cause of action in strict products liability were definitively established. Under these circumstances, even though plaintiffs' complaint may have been inartfully drawn, awards to plaintiffs upon a strict products liability theory could plainly be justified (CPLR 3013, 3026; *Jerry v Borden Co.*, 45 AD2d 344). A different problem is presented relative to the jury's verdict, however, and it requires our reversal of the judgments and orders appealed from. The undisputed evidence in this case establishes that the beer in question was delivered by the Genesee Brewing Company, Inc., in its original bottle in its original closed carton to the beer wholesaler, defendant William Bartyzel, Inc., and that, without being opened, the entire carton was then delivered by the wholesaler to the special beer receiving room of the retailer, defendant Joseph Martuscello, whose employees then delivered the still unopened carton to plaintiffs' automobile upon the purchase of the beer by plaintiff Dorothy Dirsa. Moreover, upon the facts of this case, there has also been no showing that the beer wholesaler owed any greater duty to plaintiffs relative to the condition of the beer which was purchased than did the beer retailer. Such being the case, it is obvious that the roles of the beer wholesaler and the beer retailer were the same in the chain of events which finally culminated in plaintiffs' consumption of the subject beer, and that being so, the jury's verdict which held the wholesaler liable to plaintiffs while exonerating the retailer from liability is plainly inconsistent and cannot be allowed to stand. With these circumstances prevailing, in the

interests of justice, this matter must be remitted for a new trial (cf. *Pache v Boehm,* 60 AD2d 867; *Adams v New York City Housing Auth.,* 24 AD2d 948; *Goines v Pennsylvania R. R. Co.,* 3 AD2d 307). We reach no other issue. Judgments and orders reversed, on the law and the facts, and a new trial ordered, with costs to abide the event. Mahoney, J. J., Sweeney, Kane, Main and Casey, JJ., concur.