■ MICHAEL PERRY, JR., Respondent, v ANTHONY COSTA et al., Defendants, and INTER-COUNTY SAVINGS BANK, Appellant. — Appeal from a judgment of the Supreme Court in favor of plaintiff, entered June 15, 1982 in Ulster County, upon a verdict rendered at Trial Term (Williams, J.). In February and March, 1979, plaintiff commenced the instant action against Anthony Costa, an officer and employee of defendant Inter-County Savings Bank (Inter-County), Manton Realty and two other defendants. Plaintiff alleged that defendants, as part of a plan to extricate themselves from a losing business venture, fraudulently induced plaintiff to enter into a November 7, 1974 contract and invest $60,000 plus additional funds in the failing business. Plaintiff sought $250,000 in compensatory damages and $750,000 in punitive damages. Trial began on May 17, 1982 and continued over nine days. Many of the actions were disposed of during trial. The jury rendered a verdict for plaintiff against Inter-County and defendant Albin H. Rothe in the amount of $88,732. The jury found no cause of action in plaintiff's case against Costa. Inter-County alone has appealed from the judgment entered against it in the sum of $131,914.42. Defendant Inter-County argues that the jury's verdict against it is inconsistent with the verdict of no cause of action against its employee Costa, since the finding that the employee did not commit the alleged tortious acts necessarily exonerates Inter-County, whose liability, if any, is solely derivative from the acts of Costa and based on the doctrine of *respondeat superior.* We agree. It is clear that where the only possible theory of liability against a corporate defendant such as Inter-County is that of vicarious liability for the acts of its employee, verdicts of no cause of action against the employee and in favor of plaintiff against the corporate defendant are "inconsistent and absurd" (*Pangburn v Buick Motor Co.,* 211 NY 228, 231; *Goines v Pennsylvania R. R. Co.,* 3 AD2d 307, 309; see 53 Am Jur 2d, Master and Servant, § 406, p 413). Plaintiff asserts that, while the verdicts may be abstractly inconsistent, they are not inconsistent when viewed in the light of the charge to the jury which, he contends, instructed that if the jury found

Costa acting within the scope of his employment, only Inter-County and not Costa individually could be found liable. Plaintiff then concludes that the verdict of no cause of action against Costa does not necessarily imply a finding that Costa did not commit any tortious acts for which Inter-County could be held liable. This argument must fall since the charge, when viewed as a whole, does not convey the impression that finding Inter-County liable would preclude finding Costa liable as plaintiff argues. Consequently, the verdicts were not only abstractly inconsistent but were also inconsistent in comparison with the charge. As the judgment dismissing the complaint against Costa is final, no appeal having been taken therefrom, the doctrine of *res judicata* bars a new trial on the issue of Inter-County's liability (*Good Health Dairy Prods. Corp. v Emery,* 275 NY 14, 18; see, also, *Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65; *Wolf v Kenyon,* 242 App Div 116). The judgment rendered against defendant Inter-County should, therefore, be reversed and the complaint against it dismissed (see *Stark v National City Bank,* 278 NY 388; see, also, *Hecht v City of New York,* 60 NY2d 57). We find it unnecessary to reach any other claims of error raised on this appeal. Judgment reversed, on the law, and complaint against defendant Inter-County Savings Bank is dismissed, without costs. Sweeney, J. P., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.