DOMINICK MANOCHI, Appellant, v. FORDHAM BUS CORPORATION, Respondent, and GEORGE C. HERGET, Defendant.— In an action to recover damages for personal injuries sustained by plaintiff while a passenger in an automobile which came into collision at an intersecting street with a bus owned by respondent and operated by defendant Herget, the jury found a verdict in favor of respondent. Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ.

NEWBURGH TRANSFER & STORAGE COMPANY, INC., Respondent, v. THE PURE OIL COMPANY, Appellant.— In an action to recover the alleged value of personal property destroyed by a fire allegedly caused by the negligence of the defendant in storing certain inflammables and other materials in the defendant's premises in the city of Newburgh, N. Y., in violation of General Business Law, section 302, and of a municipal ordinance, a verdict was rendered in favor of plaintiff for $39,406.83. Judgment was duly entered thereon. An order was also duly entered denying defendant's motions to set aside the verdict, for a direction of a verdict and to dismiss the complaint. From such judgment and order defendant appeals. Judgment and order affirmed, with costs. The jury was warranted in finding (1) that there was negligence on the part of defendant, as alleged, (2) that such negligence was the proximate cause of the fire and plaintiff's damage, and (3) that plaintiff was not guilty of contributory negligence. There were no substantial errors on the trial. It is not significant that the amount of the verdict represents arithmetically the aggregate of some of the items of plaintiff's claimed damage, only. In the absence of specific findings as to items of damage, the verdict must be deemed to represent plaintiff's damages as fixed by the jury. This action was tried with the companion action, *Firemen's Insurance Company* v. *The Pure Oil Company*, the appeal in which is decided herewith. [See *ante*, p. 906.] The jury first returned a verdict for the plaintiff herein and for the defendant in the companion action. The court refused to receive that verdict upon the ground of inconsistency. It directed the jury to reconsider. Later a verdict was rendered for the plaintiff in each action, assessing damages. Such verdict was received and recorded. Nothing in the circumstances just mentioned affects the verdict herein, which is supported by evidence and accords with law. Lazansky, P. J., Hagarty, Taylor and Close, JJ., concur; Adel, J., dissents and votes to reverse the judgment and order and grant a new trial, with the following memorandum: In my opinion the record is barren of evidence establishing the proximate cause of the fire and such finding, implicit in the verdict, is pure conjecture rather than a fair inference from the facts proved.