NEWBURGH TRANSFER & STORAGE COMPANY, INC., Respondent, *v.* PURE OIL COMPANY, Appellant.

FIREMEN'S INSURANCE COMPANY, Respondent, *v.* PURE OIL COMPANY, Appellant.

Argued October 18, 1940; decided November 26, 1940.

294

*Julius Applebaum* and *Louis Masheb* for appellant. ▮

*Henry Hirschberg* and *Max J. Gwertzman* for respondents.

*Per Curiam.* When the jury returned two verdicts, one in favor of plaintiff Newburgh Transfer & Storage Company, Inc., against defendant and the other in favor of defendant as against plaintiff Firemen's Insurance Company, the trial court refused to accept both on the ground of inconsistency, and sent the jury back to return verdicts either in favor of both plaintiffs or as against both. This was error since, under the evidence, it was perfectly possible for the jury to have found differently upon the issues of contributory negligence tendered in each case. The defendant urged the acceptance by the court of the verdict of the jury, finding for the defendant as against the Firemen's Insurance Company. This objection was sufficient to indicate to the court the position of defendant in opposition to the ruling of the court. (Civ. Prac. Act, § 583, subd. 2.) In accordance with the above-mentioned direction the jury were not free to find a verdict but were compelled either to find for defendant as against both plaintiffs or in favor of both plaintiffs. The jury thereupon returned a verdict in favor of both plaintiffs. It follows that the verdict returned in favor of plaintiff Firemen's Insurance Company was rendered under an unwarranted compulsion

and was properly set aside by the learned trial court. The Appellate Division, therefore, could not treat this verdict as a free verdict of the jury, and, in consequence, there must be a new trial in the plaintiff Firemen's Insurance Company case, solely on the ground of the error committed at the trial.

There is evidence to sustain the judgment in the case of Newburgh Transfer & Storage Company, Inc., against the defendant.

It follows that the judgment in the Newburgh case should be affirmed, with costs, and the judgments in the Firemen's case should be reversed and a new trial granted, with costs to abide the event.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, SEARS, LEWIS and CONWAY, JJ., concur.

Judgment accordingly.