ROSALYN LANGER and MIRIAM LANGER, Respondents, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.— Defendant in an action on a policy of life insurance appeals from a judgment in favor of plaintiffs, entered on the verdict of a jury. Judgment reversed on the law and the facts, with costs, and the complaint dismissed on the law, with costs. The issue tried was whether the insured, the father of the plaintiffs, made false negative answers to two questions on his application for insurance, the first as to whether he ever had any ailment or disease of the heart, and the second as to whether he had consulted or had been treated by a physician within five years before he applied for the insurance. The application was attached to the policy, and, therefore, false answers to questions on the application afforded a defense to the action if the representations made in the answers were material to the risk. (*Minsker* v. *John Hancock Mut. Life Ins. Co.*, 254 N. Y. 333, 338, 339.) Defendant adduced evidence which amply warranted a finding that both answers were false, and plaintiffs offered no competent evidence to the contrary. On the question of falsity there was no issue of fact to be submitted to the jury. The misrepresentations of the insured were material as matter of law. (*Geer* v. *Union Mutual Life Ins. Co.*, 273 N. Y. 261, 265, 266, 270.) It was error to deny defendant's motion for a dismissal of the complaint. Johnston, Adel, Taylor and Close, JJ., concur: Lazansky, P. J., concurs for reversal of the judgment but dissents from the dismissal of the complaint and votes to grant a new trial, with the following memorandum: The testimony of the doctor who attended decedent in 1937 contains the proof upon which defendant's case depended. There are several suspicious circumstances connected therewith which, with other testimony, cast doubt upon his credibility. There is a case for a jury.

JOSEPH LEVINE, Individually and as Administrator, etc., of SONIA LEVINE, Deceased, Appellant, v. DAVID POSTAL and ESTHER POSTAL, Respondents.— This action arises from a collision between the automobile owned and operated by plaintiff-husband and in which plaintiff-wife was a passenger, and the automobile of the defendants. The plaintiff-wife sued to recover damages for personal injuries and plaintiff-husband sued for loss of his wife's services and for damages to his automobile. Judgment for twenty-five dollars in favor of plaintiff-husband, and in favor of defendants against plaintiff-wife, entered upon a jury verdict, in so far as appealed from, and order denying plaintiffs' motion to set aside the verdict and for a new trial, unanimously affirmed, with costs. It appears that the court's charge to the jury was sufficiently broad to include the submission of the plaintiff-husband's cause of action for property damage. The verdict will not be set aside nor will the judgment be reversed to permit an award of nominal damages to plaintiff-wife. (*Throckmorton* v. *Evening Post Pub. Co.*, 35 App. Div. 396; *Robison* v. *Lockridge*, 230 id. 389.) Present — Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ.