WALTER BELL, Respondent, v. OTTO L. SCHUCK et al., Appellants.— Appeals by defendants from a judgment and order of the Supreme Court, Schoharie County. The responsibility of defendants-appellants for plaintiff's injuries seems to us to present a fair issue of fact. We regard the verdict, as reduced from $50,000 to $40,000 by the court to fit within the demand of the complaint, as still excessive. The jury could have found that plaintiff sustained a simple fracture of the kneecap about one inch long; an incomplete fracture of the left wrist and a herniated cervical disc. The neurosurgeon testified that the herniation of the disc has healed leaving a deviation of the sixth cervical nerve root. Plaintiff, in the words of the neurosurgeon, has " tremulousness of the right hand " and " diminished sensation over the right thumb ". A general practitioner added the opinion that plaintiff is totally disabled, but we would regard a finding to this effect as against the weight of the evidence in the light of the more guarded views of the specialist in this field. Judgment and order reversed, on the law and the facts, on the ground the verdict is excessive and a new trial directed unless plaintiff within fifteen days of notice of entry of the order of this court files a stipulation to reduce the amount of such verdict to $25,000; and if such stipulation is so filed, the judgment and order are affirmed. Foster, P. J., Brewster, Bergan, Halpern and Imrie, JJ., concur.

■

MARY M. DE FOSSEZ, Respondent, v. LAKE GEORGE MARINE INDUSTRIES, INC., et al., Appellants.— The defendants appeal from a judgment of the Supreme Court, Warren County, in favor of the plaintiff, entered May 19, 1952, upon the verdict of a jury. The defendants also appeal from an order denying their motion to set aside the verdict. The action is one for personal injuries suffered by the plaintiff in a collision on Lake George between a vessel, owned by the corporate defendant and operated by the individual defendant, and a rowboat in which the plaintiff was a passenger. The jury's verdict was amply sustained by the evidence. The defendant failed to sound a warning whistle as required by section 41 of the Navigation Law and in other respects failed to operate the vessel in a careful manner. The plaintiff's contributory negligence presented, at most, a question of fact for the jury. The plaintiff was a passenger in a rowboat operated by her husband. She was looking in a direction opposite to that from which the defendant's vessel came, watching out for bathers near a public beach. Upon proof that the medical and hospital bills had been incurred by the plaintiff on her own credit and that she had paid them out of her own funds, the jury had the right to include the medical and hospital expenses in the plaintiff's recovery, despite the fact that she was a married woman. Judgment and order unanimously affirmed, with costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.