■ GEORGE WISSER, Appellant, v. ERIC BUILDERS INC., Respondent.— In an action for a judgment declaring appellant's rights as the purchaser under an alleged contract to sell real property, the appeal is from an order and judgment (one paper) granting a motion for summary judgment and dismissing the complaint. Order and judgment unanimously affirmed, with $10 costs and disbursements. No opinion. Present — Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ.

■ AGNES I. WITKIN et al., Appellants, v. CITY OF NEW YORK, Respondent. — In an action by plaintiff Agnes I. Witkin to recover damages for personal injuries and by her husband for medical expenses and for loss of services, the appeal is (1) from a judgment entered on the verdict of a jury in favor of the wife for $1,500 and in favor of defendant against the husband, and (2) from so much of an order which on reargument denied a motion for a new trial made pursuant to section 549 of the Civil Practice Act. Judgment unanimously affirmed, with costs. Order insofar as appealed from unanimously affirmed, without costs. Admittedly, at the time of the trial the wife had been residing in Florida for at least eight months with her son by a previous marriage. About a month after the accident, while appellants were still residing together in New York, she named her son as her nearest relative. There was other testimony from which it could be deduced that appellants were not living in "apparent harmony" at and since the accident, and that the wife had a lucrative business and paid her own expenses. On all the proof herein the jury could properly find that the husband had failed to sustain his burden of proving that he incurred medical expenses in connection with such injuries as it determined were received by the wife as a result of the accident, and of proving that he suffered loss of her services as a consequence of such injuries. Accordingly, there is no inconsistency in the verdict. (De Fossez v. Lake George Mar. Inds., 281 App. Div. 1002; Gomes v. Willson & Adams Co., 242 App. Div. 794; Leonard v. Voltz, 190 App. Div. 748.) Gray v. Brooklyn Heights R. R. Co. (175 N. Y. 448, revg. 72 App. Div. 424) is not to the contrary, for there it was undisputed that the husband and wife were living together in "apparent harmony" and that such expenses as arose were incurred by the husband (see Gray v. Brooklyn Heights R. R. Co., 72 App. Div. 454). Assuming that the husband was entitled to nominal damages, that would not warrant disturbing the judgment. (Levine v. Postal, 264 App. Div. 901; Robison v. Lockridge, 230 App. Div. 389.) In view of the sharp dispute in the testimony as to whether all the injuries complained of arose out of the accident, we are not prepared to say that the award to the wife was inadequate or the product of compromise. (Newburgh Transfer & Stor. Co. v. Pure Oil Co., 259 App. Div. 910, affd. 284 N. Y. 293; 6 Carmody-Wait on New York Practice, pp. 645–647.) Present — Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ. [See post, p. 764.]

## (February 18, 1957)

■ BALSAM FARM, INC., Appellant, v. EVERGREEN DAIRIES, INC., Respondent. — Motion for leave to appeal to the Appellate Division granted. Present — Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.