J. Irwin Shapiro, J.
In this negligence action the jury found in favor of the defendants on the first three causes of action and in favor of the plaintiff husband on the fourth cause of action. The first cause of action was by the wife to recover *306 damages for personal injuries; the second cause of action was by the husband to recover damages for his personal injuries; the third cause of action was by the husband to recover for the loss of his wife’s services and society, and the fourth cause of action was by the husband to recover the damages to his automobile.
Decision was reserved on the plaintiffs’ motion to set aside the verdict of the jury in favor of defendants on the first, second and third causes of action.
Upon the trial, the plaintiffs contended that they were both injured while seated in the automobile, which was standing waiting for a traffic light to change from red to green, when it was struck in the rear by an automobile driven by the defendant Jones and owned by the defendant Brower.
Although the defendants did not concede their negligence, the proof, almost conclusively, established that the plaintiffs’ version of the occurrence was correct. Concededly, the injuries, if any, sustained by the husband were of a trivial and insubstantial character and the real issue in the case was whether or not the wife, among other claimed injuries, had sustained a fracture of the third lumbar vertebra.
Her personal physician, her orthopedist and her radiologist all testified that she had indeed sustained such a fracture and both the orthopedist and the radiologist pointed out In the X rays, taken sometime after the alleged occurrence, what they claimed was callus formation.
The defendants’ expert, a radiologist, after examining the same X-ray films, testified that there was no callus formation, and that from its absence it was fair to conclude that the condition shown in the X ray was not a fracture but an anomaly caused by strain and stress which the wife had undergone through the years.
It further appeared from the testimony that the wife, upon being examined by her personal physician shortly after the accident, made no complaint with reference to any pains in the back and that the first claim of any such condition came about a month after the occurrence. One or more of the plaintiffs’ physicians testified that there was nothing unusual about this. The defendants, on the other hand, by cross-examination and argument to the jury, contended that it was unreasonable to suppose that a fracture of the vertebra would not immediately cause pain in the region of the affected area.
Thus, there was a sharp cleavage on the only real issue in the case — whether any injury resulted from the contact of the two automobiles.
*307 After charging the jury on the question of liability, I told them that this was the kind of a case where if they did not believe that there were any injuries they could bring in a verdict for the plaintiffs on their respective personal injury claims for 6 cents, and I also pointed out that if they found by a fair preponderance of the credible evidence that the plaintiff wife had sustained a fracture of the third lumbar vertebra in this accident, which was of a permanent nature, the damages should be substantial.
In that connection I said:
The Defendant says, in effect, even if I caused this accident by running into the rear of this car while it was standing still waiting for a light, these people were not hurt. That, in sum and substance, is the Defendant’s contention here.
The Plaintiff says, not only were we hurt but so far as the wife is concerned that she was very seriously, grievously and permanently injured.
The Defendant says that the condition in the back which undoubtedly exists — Defendant does not say it does not exist; Defendant does not say it is not a permanent condition; Defendant does not say it will not give pain in the future or has not given pain in the past — that condition existed before this accident, that this accident had nothing to do with that condition. The Defendant says that that was a condition caused over a number of years by stress and strain, that this lady endured it in coming to her present age. * » »
Is the Defendant’s doctor correct when he says that this was an anomaly which existed before and will continue to exist for the rest of her life, but has nothing to do with a fracture?
Or are the plaintiffs’ doctors correct when they say that this is a fracture, a broken bone, which had united, but not completely, in June of 1961 when the last X ray was taken? # ♦ #
All those are questions of fact which you must determine because if this was merely a bump by one ear of another, without any real substantial injuries then this lady is entitled to six cents, and her husband is entitled to six cents, but no more. If there were minor injuries then maybe they are entitled to more than six cents, but they are entitled to a minor amount.
On the other hand, if this injury is as substantial as she claims it is, and as her doctors say it is, if it gives her permanent pain and will continue to give her permanent pain then that is another story. » •$ «
If this lady sustained severe, substantial injuries which will permanently impair her health, and you find that the Defendants were negligent then she should get every penny which she is entitled to based on that finding.
On the other hand, no matter how serious her illness may be, no matter how permanent the condition may be, if it was not caused by these Defendants she should not be paid for it by these Defendants. It is as simple as all that.
As above noted, the jury found in favor of the plaintiff husband only on the fourth cause of action, that for property damage, in the stipulated amount of $170, and found for the defendants on the respective causes of action for personal injuries (first and second) and the loss of services (third).
*308 The motion of the plaintiffs to set the verdicts aside insofar as they pertain to the first, second and third causes of action is basically premised on the contention that they may not stand because they are inconsistent with the finding in favor of the husband on the fourth cause of action. The latter finding, of course, necessarily imports that the jury found the defendants guilty of negligence and the plaintiffs free of contributory negligence.
A similar contention was made before me in Pernitz v. Barnet (N. Y. L. J., June 23, 1959, p. 13, col. 3). In that case the jury found in favor of plaintiffs, husband and wife, and found in favor of the defendant on the child passenger’s cause of action. It is true that in that case, in finding for the defendant on the child’s cause of action, the jury said “ deafness not caused by accident ” and therefore “ nothing for the child ” whereas here the reason for the finding in favor of the defendants on the first, second and third causes of action was not affirmatively given by the jury. However, in view of the basically contested issue, and the nature of the charge, it is fairly inferable that the jury found against the plaintiffs on their claims for personal injuries, and therefore necessarily on the cause of action for loss of services, only because they found that neither plaintiff sustained any injuries in the accident. There is a basis for such a determination in this record.
Where the jury went astray, however, was in not following the unequivocal direction of the court that if they found for the plaintiffs on the issue of liability but also found that the plaintiffs had not sustained any injuries their verdict should be in favor of the plaintiffs for six cents. That circumstance however does not fatally taint the verdicts.
In Witkin v. City of New York (3 A D 2d 720) the jury found in favor of the wife and gave her damages for her personal injuries and at the same time found 1 ‘ in favor of defendant against the husband”. In affirming the judgment, without modifying it to award even nominal damages to the husband, the Appellate Division, Second Department, said: “ Assuming that the husband was entitled to nominal damages, that would not warrant disturbing the judgment. (Levine v. Postal, 264 App. Div. 901; Robison v. Lockridge, 230 App. Div. 389.) ”
The Appellate Division, First Department, has apparently taken a contrary view and has held that, under such circumstances, a modification of the verdict is required (Leonard v. Volz, 190 App. Div. 748, affd. 232 N. Y. 575). There, the jury’s verdict was in favor of the plaintiff wife for $10,000 and “ no damages for the husband ”, whereupon the trial court directed *309 that a verdict be entered in the wife’s favor in the sum of $10,000 and for the defendant in the husband’s action. Said the First Department (pp. 749-750): “The verdicts as thus entered would be inconsistent and would have to be set aside. (Gray v. Brooklyn Hgts. R. R. Co., 175 N. Y. 448.) Being general verdicts, it would appear that the jury had found in one case that the defendant was negligent and the plaintiff free from contributory negligence, while upon the same facts it had found that the defendant was not negligent or that the plaintiff’s wife was chargeable with contributory negligence. The verdicts, however, as rendered by the jury were consistent. Mrs. Leonard was in a lucrative business; she paid the household expenses and the medical and other expenses incurred by reason of the injury. The verdict was that, in one case, there was injury with damage and, in the other case, injury without damage. The court should, therefore, have directed that the verdict be entered in the husband’s action for nominal damages. We have carefully examined the record and find no error therein requiring a new trial. Under the power conferred upon this court by section 1317 of the Code of Civil Procedure, we can correct this irregularity.” (Emphasis supplied.) The court thereupon directed that judgment be entered for the husband “ for six cents damages.”
The same situation arose and was treated in the same way in Cottone v. Cristiano (1 Misc 2d 1036).
Viewing the record facts in this case, as the jury had a right to find them, the verdicts here are not inconsistent. However, to conform the verdicts on the first, second and third causes of action to the direction contained in my charge, and as I said in Pernitz {supra): “to obviate any possible impropriety in the form of the verdicts, and/or of a superabundance of caution, and under the powers conferrd upon it by section 105 of the Civil Practice Act, the alleged irregularity in the verdict ” is corrected by modifying it to read as a verdict in favor of the respective plaintiffs in the sum of six cents on each of the first three causes of action. In all other respects the plaintiffs’ motion to set aside the verdicts is denied.