OPINION OF THE COURT
Harvey W. Sherman, J.
In this small claims suit, plaintiff, a boat owner, claims for damages sustained to her boat on account of defendant’s negligence in connection with performance of a sewer construction contract. The following constitutes the verdict of this court after trial:
Plaintiff was the owner of a 38-foot propeller-driven boat having a 14-foot beam which she kept moored in a canal situated within the Village of Lindenhurst. For several years prior to July 29, 1977 she had operated this and other vessels in and out of said canal to and from the Great South Bay. Plaintiff’s boat required a water depth of three feet in order to avoid grounding; and plaintiff customarily traveled down the center of the canal without incident. Defendant is a contractor engaged to construct interceptor sewer lines in the south-west sewer district which encompassed the aforesaid canal area. In furtherance of its contract, defendant was required to lay sewer pipe under said canal in an east to west direction. To do *1094 so, it was necessary to construct two temporary cofferdams in and across the canal near 2nd Avenue. This was done in two stages; first from the west bulkhead of the canal (which was approximately 80 feet wide at the construction site), then from the east side, after removal of the cofferdam on the west side. On July 29, 1977 the east cofferdam extended 60 feet from the east bulkhead, roughly perpendicularly across the canal, having a 20-foot passage more or less between the westerly end of the dam and the westerly bulkhead.
Although there may have been blinker lights marking the outline of this dam, there were no warning or caution signs extant which would indicate either the width of the passage or the minimum water depth at the passage. Evidence was adduced that defendant was contractually obligated to relocate, or cause relocation of any vessels interfering with passage around the dam.
On July 29, 1977, at 6:30 p.m., in daylight, plaintiff, operating her boat, left her dock and proceeded south down the canal. On that day a boat was docked along the west bulkhead near the aforesaid passage between the cofferdam and the west bulkhead. This boat had a width of about 5 feet, leaving barely 15 feet through which plaintiff’s boat could proceed.
As plaintiff maneuvered to negotiate passage between the dam and the moored boat, she heard a "crunching” noise beneath her keel. Inspection of the vessel revealed damage to the starboard propeller. It is for this damage that plaintiff is suing.
The duty of the contractor in regard to excavation and laying sewer pipes in navigable waters is governed by restrictions which must be spelled out in the contractor’s permit and construction contract. (Navigation Law, § 31.) These restrictions must be designed to safeguard life and property against danger and destruction and to keep the navigable water safe for use by the public. (Conservation Law, § 429-b, now ECL 15-0505, subd 4.) ECL 15-0513 establishes a duty of a prime contractor excavating in navigable waters, regardless of its intent, to strictly comply with its permit as it affects the safety of persons and property navigating the waters in which the contractor is working. In addition, under ECL 71-1107 criminal sanctions are imposed for such even unintentional failures of a prime contractor to adhere to specifications of the construction contract.
Thus, failure to comply with specifications relating to safety *1095 amount to violations of the Environmental Conservation Law, and derivatively of the Navigation Law. A violation of the Navigation Law may constitute evidence of negligence if it is the proximate cause of the injury received. (De Fossez v Lake George Mar. Inds., 281 App Div 1002.)
This court concludes that defendant’s failure to relocate the moored boat which narrowed the passage through the canal constituted negligence on its part.
Proximate causation may be inferred through circumstantial evidence. In the case of Gray r State of New York (205 MisC 242, 243) the Court of Claims found by way of dicta that a submerged and unseen sewer pipe was the cause of damages to a boat which was sailing in a part of a lake where both the village and the State were on notice that a sewer pipe menacing navigation was located, and where they had failed to place buoy signals, markers or warning signs.
Accordingly, this court finds that the defendant’s negligence was the proximate cause of the damage sustained by plaintiff and renders judgment in favor of plaintiff in the sum of $481.54.