Wachtler, J.
(dissenting). I cannot agree with the majority that a material misrepresentation has been established here as a matter of law. A misrepresentation is material only if "knowledge by the insurer of the facts misrepresented would have led to a refusal by the insurer to make such contract” (Insurance Law, § 149, subd 2). The majority would have us believe that the only reasonable view of the evidence dictates that the misrepresentation was material.
The evidence, however, as noted by Mr. Justice Suozzi, was not conclusive on this critical issue. The treating physician testified that decedent visited him on four occasions after discharge from the hospital, but prior to submission of the insurance application. Based on the results of these examinations, the physician concluded that the cause of the obstruction was a kidney stone which had passed.
Defendant, however, failed to prove that knowledge of this condition would have led to a refusal to enter into the insurance contract. In fact, when Dr. Wood, defendant’s expert witness, was asked if he could produce any applications for *941 life insurance rejected because of kidney stones, he could not. It therefore cannot be concluded that a material misrepresentation was established as a matter of law (Langer v Metropolitan Life Ins. Co., 290 NY 601, revg 264 App Div 901). The question was rather one of fact for the jury, which it reasonably resolved in favor of plaintiffs. That factual determination, having been affirmed at the Appellate Division, is nonreviewable (NY Const, art VI, § 3, subd a).
Order reversed, etc.