■ EDNA HUBBS, Respondent, v JOSEPH ENTERPRISES et al., Appellants. [604 NYS2d 292] —Mercure, J. Appeals (1) from that part of an order of the Supreme Court (Tait, Jr., J.), entered January 11, 1993 in Madison County, which partially denied defendants' motion for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

Plaintiff, an approximately 80-year-old woman who suffers from arthritis and osteoporosis, claims that she sustained injuries to her hand and wrist when she clapped her hands together in an attempt to activate "The Clapper", a device which is designed to turn electrical appliances on or off by responding to sound. Plaintiff commenced this action against the manufacturer and retailer of the device, pleading causes of action sounding in (1) breach of warranty of merchantability, and (2) negligence, alleging the defective manufacture of the device and a failure to warn of the dangers attendant to its use. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint. Supreme Court partially granted the motion by dismissing the second cause of action and otherwise denied it. Defendants appeal.

We conclude that the complaint should have been dismissed in its entirety and modify Supreme Court's order and judgment accordingly. Initially, plaintiff's admitted failure to adjust the device's sensitivity control, as prominently illustrated in the literature accompanying the product, precludes a find-

ing that the device was defective *(see, Affuso v Crestline Plastic Pipe Co.,* 194 AD2d 884, 885; *cf., Putnick v H.M.C. Assocs.,* 137 AD2d 179, 183). The claim of failure to warn of dangers attendant to the use of the product is meritless in view of the specific caution in the accompanying literature that "Senior citizens or handicapped persons who find clapping difficult, may prefer to use an inexpensive clicker (cricket), available at most novelty retailers" *(see, Putnick v H.M.C. Assocs., supra,* at 184). Moreover, it is clear that plaintiff's injuries were not caused by any defect in the device or failure to warn of attendant dangers but were, rather, the sole result of plaintiff's deliberate act of attempting one last "extra hard" clap after repeated prior efforts had failed to activate the device.

Mikoll, J. P., Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the order and judgment are modified, on the law, without costs, by reversing so much thereof as denied the motion regarding the first cause of action; motion granted to that extent, summary judgment awarded to defendants and said cause of action dismissed; and, as so modified, affirmed.