■ BRIAN B. BUTTON et al., Respondents, v RAINBOW PRODUCTS AND SERVICES, INC., Doing Business as CASOLWOOD GOLF COURSE, Appellant. [650 NYS2d 869] —Mercure, J. Appeal from an order of the Supreme Court (Tait, Jr., J.), entered December 11, 1995 in Madison County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiffs commenced this action to recover for injuries sustained by plaintiff Brian B. Button (hereinafter plaintiff) when he fell in the process of jumping over a puddle in defendant's parking lot. Plaintiff's testimony at an examination before trial established that he was a member of defendant's golf club, generally playing there between two and five times each week during the golf season. Plaintiff was familiar with defendant's clay and stone parking lot and was aware that puddles tended to form in it during periods of rain.

On May 2, 1992, plaintiff arrived at the club just prior to his

1:00 P.M. tee time. Between then and 3:00 P.M., plaintiff played nine holes of golf and consumed approximately six bottles of beer. He left the clubhouse shortly after the commencement of a severe rain storm. Although plaintiff could have taken a "non-puddled" path to his truck, he elected to pursue the most direct course by jumping over the corner of a puddle. When he landed on the wet clay surface of the parking lot, his feet went out from under him, causing him to injure his leg. Based upon the foregoing evidence, we conclude that plaintiff's election to jump a clearly visible puddle was the proximate cause of his injuries. At most, the claimed defects in defendant's parking lot merely furnished the condition for the occurrence of the accident (*see, Masone v Westchester County*, 229 AD2d 657, 659; *Ferguson v Callanan Indus.*, 223 AD2d 862, *lv denied* 88 NY2d 801; *Hubbs v Joseph Enters.*, 198 AD2d 757; *Daversa v Harris*, 167 AD2d 810, 812); they were not one of its causes (*see, supra*). Under the circumstances, Supreme Court erred in denying defendant's summary judgment motion.

Cardona, P. J., White, Casey and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted and complaint dismissed.