[653 NYS2d 733]

Mary Jane Butler, Individually and as Administrator of the Estate of Richard E. Butler, Deceased, and as Parent and Natural Guardian of Sara Jane Butler and Others, Infants, Appellant, v Lawrence Seitelman et al., Respondents.

Third Department, February 20, 1997

APPEARANCES OF COUNSEL

*Herrmann, Pelagalli & Weiner,* Clifton Park *(Paul Pelagalli* of counsel), for appellant.

*Edward Flink & Associates,* Latham *(Jay A. Smith* of counsel), for respondents.

OPINION OF THE COURT

CASEY, J.

Richard E. Butler (hereinafter decedent) and two of his associates were at defendants' camp on Gull Bay Road on Lake George in Warren County on the afternoon of June 27, 1992, having been hired by defendants to do some painting. At about 6:00 P.M. the three men, claiming that they had defendants' prior permission, decided to go out in defendants' rowboat which was on the shore. A short time later, plaintiff, decedent's wife, and the girlfriend of one of the associates arrived at the premises where they had planned to spend the weekend. Neither of defendant owners was there at that time.

According to plaintiff, decedent, who was then 200 feet from shore, started to row toward the shore when he saw that his wife and the other woman had arrived. Although the weather was calm, plaintiff claims that as the boat headed toward shore it suddenly rocked and capsized, throwing the three men into the water. There is no claim that the boat was leaking or was otherwise defective. The two associates surfaced immediately and grabbed onto the overturned boat. Decedent, who was unable to swim well, surfaced quite a distance from the boat and initially tried to swim toward shore. He then changed his mind, swam back toward the rowboat and sank beneath the surface of the water. Plaintiff ran into the premises to search for safety devices but was unsuccessful. Decedent's body was recovered from the water about 40 minutes after the boat had capsized. An autopsy revealed that decedent had drowned.

As the duly appointed administrator of decedent's estate, plaintiff commenced this action on behalf of herself, her four children and the estate in a complaint alleging negligence and wrongful death. Defendants answered and moved for summary judgment alleging that the complaint failed to state a cause of action. Supreme Court granted defendants' motion and plaintiff appeals.

In our opinion, the facts and circumstances underlying plaintiff's action offer no basis for the imposition of liability on defendants as owners of the premises where decedent's death occurred. Consequently, we affirm Supreme Court's order.

In order to establish an action based on negligence, plaintiff must initially demonstrate a breach of duty by defendants as owners of the premises and the rowboat. Plaintiff claims that defendants breached Navigation Law § 40 (1) (a) which requires that all rowboats on navigable water be equipped with at least one life preserver (or other specified safety devices) for each person on board and that this breach raises an issue of fact concerning defendants' negligence. We disagree with plaintiff's interpretation of this statute. To apply the statutory mandate in the manner urged by plaintiff would require that all rowboats, wherever and however stored, be equipped with permanently affixed safety devices or life preservers at all times. This interpretation does not comport with the wording or intent of the statute. Our view of Navigation Law § 40 is that life preservers should be placed on vessels "underway, or at anchor with any person aboard", and this was not the situation here.

Furthermore, the mere availability of flotation devices would not necessarily have prevented this tragic accident (*see, e.g., Pollock v Collipp*, 124 AD2d 647). As stated by Chief Judge Cardozo in *DeHaen v Rockwood Sprinkler Co.* (258 NY 350, 354-355), "Liability is not established by a showing that as chance would have it a statutory safeguard might have avoided the particular hazard out of which an accident ensued". These undisputed facts and circumstances conclusively demonstrate that defendants owed no duty to decedent to insist that life preservers or other flotation devices be taken on board if the rowboat was to be used. Since defendants were not present at the time the boat was taken out, they had no opportunity and, therefore, no duty to control or supervise the conduct of decedent and his associates (*see, Rothbard v Colgate Univ.*, — AD2d —, 1997 NY Slip Op 00091 [3d Dept, Jan. 9, 1997]).

As to the issue of proximate cause, again no issue of fact is presented. Decedent and his associates, all mature men who had been drinking, made a conscious choice, in defendants' absence, to take the rowboat out on the lake despite the obvious danger of doing so without life preservers or other flotation devices (*see, Mintz v State of New York*, 47 AD2d 570, 571). Decedent at that time was well aware that he could hardly swim. When decedent chose to do this, he clearly had the choice

and the safe alternative of remaining on shore. Not being present, defendants had no opportunity to cause or contribute proximately to this decision and, by consciously doing so, decedent removed, as a proximate cause of the accident and his death, any of the deficiencies that plaintiff now claims against defendants (*see, Button v Rainbow Prods. & Servs.,* 234 AD2d 664).

PETERS, J. (dissenting). It is well settled that in a motion of this kind, "the court's role is limited to issue finding, not issue resolution" (*Kriz v Schum,* 75 NY2d 25, 33). Viewing the evidence in the light most favorable to plaintiff, as we must, we find that pursuant to Navigation Law § 40 (1) (a),* defendants owed decedent a duty of care once they permitted him and his crew to use their rowboat. In connection therewith, we find that plaintiffs have sufficiently raised a triable issue of fact as to the availability of flotation devices and whether defendants may have breached such duty if they had, in fact, failed to make such devices available for use with their rowboat (*see,* Navigation Law § 40 [1] [a]; *De Fossez v Lake George Mar. Indus.,* 281 App Div 1002; *Renaud v J. D. Posillico, Inc.,* 93 Misc 2d 1093).

With the issue of proximate cause being the next relevant inquiry if defendants are found negligent, we are reminded that a "determination of legal causation turns upon questions of foreseeability and 'what is foreseeable and what is normal may be the subject of varying inferences, as is the question of negligence itself, [thus leaving] these issues * * * for the fact finder to resolve' " (*Kriz v Schum, supra,* at 34, quoting *Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315). In connection therewith, we believe the relevant inquiry is whether decedent's decision, as a nonswimmer, to go out on Lake George without a life preserver was so unforeseeable and reckless, or the risk so obvious, as to break the causal chain between defendants' potential negligence and decedent's death (*cf., Olsen v Town of Richfield,* 81 NY2d 1024; *Boltax v Joy Day Camp,* 67 NY2d 617; *Culkin v Parks & Recreation Dept.,* 168 AD2d 912, *lv denied* 77 NY2d 806). Unlike the majority's bold conclu-

---

* Navigation Law § 40 (1) (a) requires that all rowboats on navigable water be equipped with "at least one life preserver, ring buoy, buoyant vest, buoyant cushion or other life saving device for each person on board". Lake George, as navigable water, is subject to regulation under the Navigation Law (*see, People v System Props.,* 281 App Div 433, *mod on other grounds* 2 NY2d 330).

sion that the evidence indicates that the men "had been drinking", we find no evidence of intoxication in decedent's hospital records despite the admission of a member of decedent's crew to the State Police that they had "some beer over the course of the day and [that] we each had one while in the boat". Since we cannot conclude that "the record eliminates any legal cause other than [decedent's] reckless conduct" (*Howard v Poseidon Pools*, 72 NY2d 972, 974), we would reverse the order of Supreme Court (*see, Herrera v Piano*, 125 AD2d 548, 549).

WHITE and CARPINELLO, JJ., concur with CASEY, J.; PETERS, J., dissents in a separate opinion in which MERCURE, J. P., concurs.

Ordered that the order is affirmed, with costs.