■ HAROLD MEZICK, Appellant, v HILLSIDE ASSOCIATES, a New York Limited Partnership, et al., Respondents. [712 NYS2d 864] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court,

Nassau County (Davis, J.), dated September 13, 1999, which granted the defendants' motion for summary judgment dismissing the complaint, and (2) a judgment of the same court, dated September 24, 1999, which is in favor of the defendants and against him, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order is vacated, the motion is denied, and the complaint is reinstated; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The evidence submitted in support of the defendants' motion for summary judgment failed to establish as a matter of law that they had no duty to clear snow and ice from the area where the plaintiff fell. Furthermore, we disagree with the Supreme Court that the plaintiff's decision to use a particular route through the defendants' property was the sole proximate cause of his injuries as a matter of law (*cf., Button v Rainbow Prods. & Servs.,* 234 AD2d 664). Finally, the defendants failed to demonstrate as a matter of law that the snow and ice upon which the injured plaintiff fell was the result of an ongoing storm which they had no reasonable opportunity to remedy (*see, Boskey v Gazza Props.,* 248 AD2d 344). O'Brien, J. P., Altman, Friedmann, McGinity and Smith, JJ., concur.